JACOB A. ZIMMERMANN and JOSEPH J. ZIMMERMANN, Appellants, *v.* CHRISTIAN JOURGENSEN, Respondent.

*Building contract — completion of the work by the owner — right of the contractor to recover payment under the contract — substantial performance — evidence.*

In an action brought on a building contract, by the contractors against the owner, to recover a balance claimed to be due under the contract, which fixed the price to be paid the plaintiffs for the entire work at $14,199, it appeared that, after the performance of a certain amount of work by the plaintiffs and the payment to them of the installments accrued, the defendant, under a provision of the contract, forbade the plaintiffs to continue the work, on the ground of their failure to furnish a sufficiency of material and workmen, and took up and completed the work himself.

The plaintiffs claimed that the work was substantially completed when the defendant took it up, and that they were entitled to the entire balance of the contract price, less a certain allowance to the defendant for the work done by him.

It appeared that when the defendant took up the work, the premises were unfit for occupancy, and that, upon the plaintiff's own theory, the cost of completion would have been more than $1,000, and upon the defendant's theory, it was more than $6,000; and that there was imperfect work which had to be done over by the defendant at a cost of $175.

*Held,* that it was a serious question whether this state of facts was not an insuperable bar to any recovery by the plaintiffs, as it excluded them from the benefit of the rule — that when a builder has in good faith intended to comply with the contract, and has substantially complied with it, although there may be slight defects caused by inadvertence or unintentional omission, he may recover the contract price, less the damage on account of such defects.

It appeared that more was expended by the defendant to complete the building than remained unpaid upon the contract, and it was claimed by the plaintiffs that this was caused by the defendants departing from the plans and specifications and introducing extra work. The contract, however, provided for changes

in the plans and specifications, and that the cost thereof should be added to or deducted from the amount of the contract, as the case might be.

*Held*, that it was not the duty of the defendant, after the plaintiffs had unreasonably delayed their work, and failed to provide necessary materials and sufficient workmen, to adhere strictly to the plans and specifications, to his own prejudice, merely for the purpose of having correct accounts at the completion of the work; and that, as it was not shown that any changes in the plans and specifications were made in bad faith or with a view to injuriously affect the plaintiffs, they had no reason to complain.

On the trial before the referee, a question put by the plaintiffs, to the carpenter who finished the work for the defendant, as to whether he was able to state how much of the work that he did was embraced in the plans and specifications, was objected to and the objection sustained upon the ground that the specifications would speak for themselves. The witness had testified fully as to what work he did, and the specifications were present for examination.

*Held*, that the question was properly excluded, since it called for the conclusion of the witness upon a matter as to which the referee was competent and able to draw a conclusion for himself.

Certain incompetent evidence on the part of the defendant was admitted, over the objections of the plaintiffs, but it appeared that this evidence was upon points as to which the referee found in favor of the plaintiffs, although the case was decided in favor of the defendant.

*Held*, that, under these circumstances, the rulings complained of did no harm to the plaintiffs and afforded no ground for disturbing the judgment.

APPEAL by the plaintiffs, Jacob A. Zimmermann and Joseph J. Zimmermann, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 24th day of December, 1892, upon the report of a referee dismissing the complaint upon the merits and in favor of the defendant upon a counterclaim.

*J. G. Flammer*, for the appellants.

*Frank Rudd*, for the respondent.

O'BRIEN, J.:

This is the second time this action has come before this General Term for review. It was brought on a building contract between plaintiffs as contractors and defendant as owner to recover a balance claimed by plaintiffs to be due for making alterations and additions to defendant's building in Maiden Lane in this city under such written contract. By its terms the contract provided for the payment to plaintiffs of

the sum of $14,199 for the entire work, in the following manner : $4,000 when the third tier of beams was placed in position, $4,000 when the roof was on, and the balance, $6,199, ten days after the entire work was completed. Although no time was specified in the contract, it was insisted by defendant that May 1, 1890, was agreed upon as the date of completion, but the referee has found against this contention, holding that no time was agreed upon between the parties within which the said work should be finished.

Upon the execution of the contract, which was made in March, 1890, the plaintiffs commenced work thereunder and continued until August twentieth, when the defendant, availing himself of a clause in the contract, entered into possession of the premises and elected to complete the work himself for and on account of plaintiffs, claiming that they had neglected to supply a sufficiency of material and workmen.

The first two installments, $4,000 each, having been paid, there would have been due, had the plaintiffs fully completed their contract, $6,199, in addition to an unpaid balance of $355 which, as found by the referee, was due plaintiffs for extra work performed at defendant's request. The plaintiffs allege that defendant would be entitled to an allowance on the final payment of $1,118 for completing the work; and it is the entire balance together with pay for the extra work, less such allowance to defendant, for which plaintiffs demand judgment.

The plaintiffs in their complaint allege that the work was substantially finished when defendant took possession of the premises, and it is seemingly their theory that it is the entire contract price, less what would be the reasonable value of completion, which should determine the amount for which they are entitled to judgment. We think, however, that there can be no dispute upon the evidence as furnished by the plaintiffs themselves, that when the defendant, after service of a notice upon the plaintiffs, assumed the right to take up the work and complete it himself, it was not substantially finished. The testimony shows that upon that date the premises were unfit for occupancy — glass flooring half laid, floor and ceilings wanting, and portions of the building exposed to the weather. If the plaintiffs had abandoned their work at that stage, we fail to see how they would have been entitled to recover any-

thing, because upon such facts showing that the cost of completion, according to plaintiffs' own theory, would be more than $1,000 and according to the defendant's more than $6,000, there would have been no such substantial completion as, under the authorities, would have entitled the plaintiffs to recover the contract price less the amount required to complete the building.

The familiar case of *Woodward* v. *Fuller* (80 N. Y. 312), states under what circumstances a recovery may be had on a contract without a literal or exact performance of it, in the following language: "Where a builder has in good faith intended to comply with the contract, and has substantially complied with it, although there may be slight defects caused by inadvertence or unintentional omissions, he may recover the contract price, less the damage on account of such defects. The defects must not run through the whole, nor be so essential as that the object of the parties, to have a specified amount of work done in a particular way, is not accomplished."

In addition to the work which then remained to be done, there was imperfect work which had to be done over, and which, as found by the referee, cost defendant $175. The existence of this condition of affairs, showing that a portion of plaintiff's work had been imperfectly done, requiring the expenditure of time and money by the defendant, raises a serious question as to plaintiffs' right to maintain the action at all. We do not, however, decide that this is an insuperable bar to a recovery, but will proceed to dispose of the case upon the merits as they were presented before the referee ; but it is proper that the matter should be adverted to, as it is also that we should endeavor to ascertain from the complaint itself the theory upon which the plaintiffs base their right to recover.

As already remarked, we must discard the theory in one part of the complaint presented, that plaintiffs are entitled to recover because, having substantially performed their contract, they should receive the entire amount thereunder provided to be paid, less what was necessary to be expended by the defendant to entirely finish the work. In another paragraph of the complaint it is alleged that, after commencing the plaintiffs continued the work "conscientiously, diligently and with all possible speed and used their best endeavors

to get prompt and sufficient supplies of the building material to be used in the construction of the said work until August 20th, 1890, when the defendant refused to permit the plaintiffs to complete the said work and prohibited them, their agents and servants from entering the said buildings, Nos. 96 and 98 Maiden lane, and notified the plaintiffs that he would finish the said building and deduct the expense thereof from the amount still due and owing to the plaintiffs under the said contract."

Had the plaintiffs succeeded in sustaining these allegations, then they would have been entitled to recover damages as against the defendant for a breach of the contract on his part, because the charge thus made is the exact equivalent of saying that the defendant wrongfully broke his contract. Upon such facts, the plaintiffs would have had three remedies in law: *First*, they could treat the contract as at an end, and claim damages for its breach; *second*, they could recover on a *quantum meruit* for all work done by them up to the breach, which remained unpaid for; or, *third*, they could recover the full contract price if the contract was substantially performed. It is evident from the testimony that plaintiffs did not elect to proceed upon either the first or the second of the remedies above mentioned, and we are, therefore, left to assume that recovery was sought upon the theory that the contract was substantially performed.

For reasons already given, it is difficult to see how a recovery could be had upon this ground. But as the case was fully tried out, it is perhaps right that we should treat it as the parties themselves did seemingly upon the trial, by examining into the questions in dispute between them, regardless of the issues as made by the pleadings, determine whether, upon the facts as proved and found by the referee, the conclusions of the latter were sound.

Upon conflicting evidence, the referee has found, and we see no reason to disturb such findings, as follows:

" *Sixth.* That for some time prior to the 15th day of August, 1890, plaintiffs refused and neglected to supply sufficient workmen and material for the proper prosecution of the said work. That on the said day the defendant served on the plaintiffs, a notice in writing in accordance with the said fourth section of said contract; that for three days thereafter and down to said August 20th, 1890, plain-

tiffs still failed, neglected and refused to supply a sufficiency of material and workmen, and thereupon the defendant excluded said plaintiffs, their agents and servants from said premises, and proceeded to complete said work himself.

" *Seventh.* That a large portion of the work as called for by said contract, constituting a material and substantial part of said work, remained unfinished on the said 20th day of August, 1890, when the plaintiffs were so forbidden to finish said work."

Upon these facts the defendant, under the terms of the fourth clause of the contract, was entitled to finish the work and deduct the expense from the amount due under the contract.

That more was expended to complete the building in the manner in which it was completed than remained unpaid under the contract, is abundantly shown by the evidence. It is insisted, however, by the plaintiffs that the large expenditures thus made were the result of departing from the plans and specifications, and of introducing additional and extra work, which, if the defendant were entitled to deduct from the contract price, would result in injustice to them. It should be remembered, however, that the contract itself provided for changes in the plans and specifications in language as follows :

" *Third.* Should the owner at any time during the progress of the said building request any alterations, deviation, addition or omission from the said contract, he shall be at liberty to do so, and the same shall in no way affect or make void the contract, but will be added to or deducted from the amount of the contract, as the case may be, by a fair and reasonable valuation."

This provision, as well as the specifications themselves, show that it was in the contemplation of the parties, in view of the nature of the work, that variations from the plans and specifications would be necessary. And as it was not shown that any changes in such plans and specifications were made in bad faith or with a view to injuriously affecting the plaintiffs, we do not see that they have any reason to complain. It certainly was not the duty of the defendant, after the plaintiffs had unreasonably delayed their work and failed to provide necessary material and sufficient workmen, merely for the purpose of having correct accounts at the completion of the work, to adhere strictly to the plans and specifications, to his own prejudice. It would of course have saved much question and presented

the matter in a clearer way if the defendant had kept a more exact statement of the payments made for work done under the plans and specifications separately from the amounts expended for such deviations and alterations from the plans and specifications as were required by the nature of the work.

It was suggested in the former opinion of this General Term that the burden was upon the plaintiff of showing what it would cost defendant to complete the contract according to the plans and specifications, and that it was the contract price, less such cost, that they could alone recover. Exception is taken to this statement of the law; but if we assume the plaintiffs' view to be correct, that the burden was upon the defendant, it was met, as far as the defendant had it in his power to meet it, by his presenting a detailed statement of the amounts paid all the different workmen, and by showing what such payments were made for. And after a careful examination, having the plans and specifications before him, the referee reached the conclusion upon such testimony that the cost to defendant of completing the contract was more than the final payment which would have been due to the plaintiffs had they themselves finished the work. As against such evidence, showing as far as it was possible what the completion of the work cost, there was presented by the plaintiffs their view of what they regarded as the fair and reasonable value of such work. No sufficient reason has been assigned why we should differ with the referee, who, upon all the testimony, and after analyzing the proofs, reached a conclusion as to what was necessary to be expended by the defendant in order to complete the building.

In addition to the merits, the appellants rely upon certain rulings of the referee in the admission and exclusion of evidence.

The first relates to a question asked of the carpenter who finished the work for defendant, whether he was able to state how much of the work that he did was embraced or comprised in the plans and specifications. This was objected to, and the objection sustained upon the ground that the specifications would speak for themselves. This witness had testified fully as to what work he did, and the specifications were present for examination. The question called for the witness' conclusion as to what portion of the work done by him he thought was embraced within the specifications, with respect to

which, the referee was competent and able to draw conclusions for himself.

Another error assigned was the permitting the defendant to give testimony as to whether or not there was a bulletin or directory for tenants on the inside of the building. We agree with the appellants that such evidence was entirely incompetent, but, as shown by the conclusions reached by the referee, entirely harmless. It was, no doubt, introduced for the purpose of sustaining the defendant's view that there was an agreement that the work was to be completed by May first, but as the referee found with the plaintiffs upon this point, and against the defendant, it is evident that no harm was done by admitting this evidence.

The same may be said of the next exception, which relates to a ruling by the referee, admitting the entire conversation at the time of the execution of the contract, for the purpose of varying its terms. The ruling was erroneous; but as the conversation introduced was for the purpose of supporting the defendant's theory that the work was to be completed by May first, and as the referee has found against the defendant upon that point, the ruling did no harm.

The next exception is as to testimony allowed as to the cause of refusal of tenants to take offices in the building. This, of course, was incompetent, but as it was introduced for the purpose of showing loss of rentals, which was not allowed by the referee, who, upon this subject, found with the plaintiffs, it presents no reason for disturbing the judgment.

Our conclusion, therefore, upon an examination of the entire record, is that the disputed questions between the parties were fully and fairly tried; that the substantial issue as to the exact cost to defendant of the completion of the work subsequent to his having taken possession thereof on August twentieth, was upon conflicting testimony presented for the consideration of the referee, and that we find no ground for interfering with his findings or with the conclusions which necessarily follow, resulting as they did in the judgment appealed from.

The judgment should, therefore, be affirmed, with costs.

FOLLETT, J., concurred; VAN BRUNT, P. J., concurred in result.

Judgment affirmed, with costs.