ARNDT, Respondent, vs. KELLER and wife, Appellants.

*April 30 — May 21, 1897.*

*Building contracts: Failure to complete: Condition precedent: Recovery for work done.*

Though a contract provides for the payment of a specified sum for constructing a building, payable upon its completion, if it provides also that upon failure to complete the building the owner may complete it at the contractor's expense, full performance is not a condition precedent to a recovery by the contractor, but upon such completion by the owner the contractor may recover the contract price, less the reasonable cost of completing the building so far as the same could be done practicably, the damage by delay, and the diminished value when completed because of defects not remediable without unreasonable expenditure.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This was an action to enforce a lien for material and labor furnished by plaintiff as principal contractor. The complaint was in the usual form. The amount claimed to be due was $746.42. The answer, by proper allegations, set forth that the alleged indebtedness accrued under a contract to build and complete a building according to certain plans and specifications, within a certain time, for a stipulated price. It alleged nonperformance of the contract, put in issue the amount claimed to be due, and counterclaimed for damages.

On the trial the defendant *Frank C. Keller*, with whom the contract was made, and who was the owner of the building sought to be charged with the lien, requested submission to the jury of questions covering all the issues in the case. Pursuant thereto the court submitted a question covering undisputed matters, and the following: " (2) Did the plaintiff furnish materials and perform work and labor in and about the erection and construction of said building, so that

the same was substantially finished before the filing of said claim for lien? (3) Did the plaintiff, at the request of the defendant *Frank C. Keller*, furnish extra materials and furnish extra work in the erection and construction of said building? (4) If you answer the last question, 'Yes,' what is the reasonable value of such extra work and materials? (5) Did the plaintiff fail to do all the work and furnish all the material required by said contract in the manner and of the quality required by the contract,— that is to say, was some of the work done and materials furnished defective and not up to the requirements of the contract? (6) If you answer the last interrogatory to the effect that some of the work was defective, in what sum do you assess the defendant's damages by reason of such defective work and materials, including the necessary time, if any, during which he was deprived of the use of the building while endeavoring to have said defects, or some of them, remedied at a reasonable expense? The jury found in the affirmative as to the first, second, third, and fifth questions, found the value of extra work and material at $63.42, and the damages for nonperformance of the contract at $275.

The court made findings in accordance with the verdict of the jury. Judgment was entered accordingly, from which this appeal was taken by defendants.

*J. M. Clarke*, for the appellants.

For the respondent the cause was submitted on the brief of *Fiebing & Killilea*.

MARSHALL, J. The first proposition of appellants' counsel is that, the fact being established by the verdict that the contract was not fully performed by plaintiff, the conclusion of law that he was entitled to recover is erroneous. The principle invoked is that where a contract provides for payment of a specified sum for constructing a building, payable upon its completion, full performance is a condition prece-

dent to a recovery thereon, and without proof of such performance, or of acceptance of the building or appropriation of the work done under the contract, equivalent to a partial acceptance, the contractor cannot recover on the contract or *quantum meruit*. *Moritz v. Larsen*, 70 Wis. 569. That does not apply to the facts of this case. Here the contract provided that, on failure of the contractor to fully perform the contract to build the building, the owner might take possession thereof and complete it at such contractor's expense. Such provision takes the contract out of the rule mentioned by expressly providing for a partial acceptance and deduction for nonperformance. Defendant *F. C. Keller* asserted his rights under such provision. He took possession of the building when plaintiff abandoned the work, and finished it, in substantial compliance with the contract, by the early part of January, 1893, and before the action was commenced. That appears by his own evidence. Under such circumstances, the law is that the contractor may recover the contract price, less the reasonable cost of completing the building so far as the same could be done practicably, the damage by delay, and the diminished value when completed because of defects not remediable without unreasonable expenditure. *Pinches v. Swedish Evang. Luth. Church,* 55 Conn. 183; *Crouch v. Gutmann,* 134 N. Y. 45; *White v. Braddock Borough School Dist.* 159 Pa. St. 201, cited by respondent's counsel; also Lloyd, Building, § 26; *Wells v. Board of Education,* 78 Mich. 260; *Charlton v. Scoville,* 144 N. Y. 691; *Van Dorn v. Mengedoht,* 41 Neb. 525.

Error is assigned on the finding of the jury that the building was substantially completed before the lien was filed. Whether such finding was warranted by the evidence or not is immaterial. It follows, from what has preceded, that plaintiff is entitled to recover the contract price, less deductions for expense of remedying the defects, so far as that was practicable without unreasonable expense, and for the

Vorbrich vs. Geuder & Paeschke Mfg. Co.

other damages sustained, if any.   This finding is challenged
upon the theory of appellants' counsel that if the building
was not substantially completed according to contract, by
the plaintiff, he cannot recover at all.   We hold against that
proposition; hence the materiality of the finding disappears.

Error is assigned on the instructions respecting the sixth
question, which covers the deductions from the contract
price to which appellant was entitled for failure of plaintiff
to fully complete the building; but, as no exceptions to the
charge were preserved in the bill of exceptions, we must
presume that the jury was correctly instructed.   It appears
that evidence in the record supports all the findings of fact
as made by the jury, not heretofore referred to; that such
findings cover all the issues of fact in the case; that judg-
ment was entered in accordance therewith; and that there
are no reversible errors.

. *By the Court.*— The judgment of the circuit court is af-
firmed.