FOELLER, Respondent, vs. HEINTZ, 'Appellant.

*November 14—November 27, 1908.*

*Contracts: Building contracts: Architects: Authority: Duties: Supervision of building: Entire contracts: Substantial performance: Breach: Measure of damages.*

1. An architect, as the mutual agent of builder and proprietor to construe plans for a structure and settle disputes in that regard, has no authority to change the plans.
2. The rules permitting a builder to recover upon an entire building contract, only substantially performed, less damages for incompleteness, apply to an entire contract for supervision of the execution by an architect.
3. If a builder, by inexcusable fault of the supervising and directing architect, departs from the plans agreed upon, the damages may be charged to the architect.
4. To constitute substantial execution of a building contract, or one to supervise and direct the construction of a building according to specific plans and with the usual architect's duty in such cases, the structure as completed must be the result of good-faith efforts to strictly perform and must satisfy with exactness all essentials to the accomplishment of the proprietor's purpose.
5. The test of substantial performance is not inconsistent with imperfections in matters of detail, not defeating the object of the

proprietor by going to the root of the matter, yet requiring a considerable outlay to afford him, for a given amount of money, in substance the thing agreed upon.

6. Substantial performance is consistent with there being incompleteness in matters of detail, some of which are practicably structurally remediable and others not so, in the aggregate requiring a considerable sum of money.

7. Incompleteness consistent with substantial performance can be remedied, structurally, practicably, and reasonably, that is, without an expenditure of an unreasonable sum of money, when the element of incompleteness can be obviated without destruction of any material part of the building erected according to contract.

8. The rule of damages by which to measure the proprietor's loss in case of substantial performance only of a building contract, is the reasonable cost of remedying the defects which can be practicably remedied so as to make the structure exactly conform to the agreement, and the difference between the value of the structure so completed and one like the building agreed upon. On this subject a mistake in *Ashland L., S. & C. Co. v. Shores,* 105 Wis. 122, 133, pointed out and corrected.

9. The judicial rule grounded in equity permitting recovery upon an entire building contract, but substantially performed, aims to give the proprietor, in substance, and as near as practicable, the very thing contracted for; not merely in value, but in form and character.

10. In case of good-faith efforts to perform an entire building contract, resulting in a structure satisfying all essentials to the substantial purpose of the proprietor in making the agreement, he is obligated to pay upon the agreement the entire contract price, subject to deductions for incompleteness as stated in the foregoing, the fact that the structure as completed is of as great or even of greater market value than the one called for not being controlling.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Reversed.*

Action by an architect to recover on two contracts, one for making plans and specifications for a dwelling house and the other for superintending the construction thereof.

Defendant pleaded as a defense to plaintiff's second claim that the contract was entire and was not fully performed.

He also counterclaimed for damages in the sum of $500 because plaintiff caused material departures from the plan without any authority so to do and against his protest.

The contract with the builder contained the usual provisions making the supervising architect arbitrator to settle disputes between the former and the proprietor as to the calls for the plans and other matters, but no authority was given either the builder or the architect to vary the plans in any respect without authority of or consent by defendant.

There was no controversy in the evidence but that plaintiff was entitled to recover $98.11 on the first contract and $74.19 on the second, subject to the defense for nonperformance of the latter and defendant's right to damages for such nonperformance.

There was evidence to the effect that there were material departures from the plans as claimed by the defendant and that it was practicable to remedy the same at a cost of $400. There was no evidence respecting the difference in value between that of the structure as completed and what it would have been had the plans been strictly followed. Though the plans showed a different roof projection and construction on the front of the building from that on the other three sides there was but one detail drawing. That corresponded with the plan for the side and back elevations. The builder, with plaintiff's approval, applied such detail to the front of the building although the elevation therefor plainly called for a different construction. The defendant insisted on the scheme as indicated in the front elevation being carried out to the letter, while the builder, with the approval of the architect, ignored the difference in the order of construction, making all sides correspond with the single detail drawing. The court decided as matters of fact, that the plans for the structure were unwarrantably changed by the architect in a material particular; that the change was made under pretense that the plan called for a front structurally and archi-

tecturally imperfect, and that it was his right and duty to correct the mistake; that the change did not have reference to those corrections in minor particulars which are ordinarily, and were in the given case, within the authority of the architect to make, but appertained to a substantial feature of the building which defendant was entitled to have as designed, if he wanted it that way, whether the same coincided with the views of the architect as to architectural and structural completeness or not; that it is practicable to reconstruct the front of the building so as to make the same conform to the design, at a cost of $400; that plaintiff is not entitled to recover anything upon the entire contract for supervision because of a substantial failure to perform the same, but is entitled to recover the full amount earned under the first contract less six cents only, damages for breach of the second contract because of there being no evidence showing the difference between the value of the building as constructed and the value of one constructed according to the design.    Judgment was rendered accordingly.

*Sol P. Huntington,* for the appellant.

For the respondent there was a brief by *Cady, Strehlow & Jaseph,* and oral argument by *S. H. Cady* and *M. H. Strehlow.*

MARSHALL, J.    The finding that respondent exceeded his authority by approving of a material departure from the plans for the building, resulting in appellant failing to get what he bargained for, cannot be disturbed.    It is conceded that the structure called for, as to the front thereof, was materially varied, but insisted that there was an inconsistency between the plan therefor and the single detail drawing, which was adaptable only to the three other sides, all four of which, from a professional standpoint, in view of the form of the building, should be in harmony, in order to be architecturally and structurally correct, fairly indicating

a mistake in the primary drawing, rather than an omission to make an appropriate subsidiary drawing, which was in the field of respondent's authority to correct under the provision of the contract that all disputes respecting the true construction or meaning of the drawings should be decided by him and that his decision should be final. That contemplated construction, as the words clearly indicate, not material changes in principal, to fit secondary drawings. There was no question but that the former plainly called for that which respondent assumed authority to change against the protest of the proprietor, upon the ground that in the draught he had made a mistake. That was going outside the field of arbitration laid down in the submission and so not binding on appellant. An arbitrator, barring inexcusable mistakes and bad faith, is supreme within his jurisdiction, but the moment he passes beyond the boundaries thereof he becomes a usurper and his acts are void, as are all acts of usurpation. *Bartlett v. L. Bartlett & Son Co.* 116 Wis. 450, 93 N. W. 473; *Consolidated W. P. Co. v. Nash,* 109 Wis. 490, 85 N. W. 485; *Burnham v. Milwaukee,* 100 Wis. 55, 75 N. W. 1014. The result of all the authorities is that the award of an arbitrator so far as not within the lines of the submission is not binding upon any party thereto. 2 Am. & Eng. Ency. of Law (2d ed.) 669, 670. Within that rule we cannot see any justification for a change of the building plan under delegated authority to construe. The principal drawing, as the learned trial court rightly held, formed the basis of the contract. The details were matters of execution. In contemplation of the agreement such principal drawing, as approved by the proprietor, formed the test of what was required for performance.

The learned trial court decided that respondent, without intentional wrong, caused the departure from the plan, but in a particular easily remediable by the expenditure of $400, a small amount as compared with the cost of the structure,

and as appears without destruction of any material part thereof erected according to contract, and yet decided that respondent was not entitled to credit for the contract price of supervision, though the rule in respect to the matter were the same as in case of the building contractor. We see no good reason why the equity of the law extended to the latter should not include the former. We approve of the conclusion of the trial court in that respect. So the right of appellant to recover depended not upon entire performance as in ordinary contract matters. Substantial performance was sufficient, under a well known exception to the general rule, having perhaps no very logical basis, nevertheless one as well entrenched in the law as any that could well be named.

In the light of what constitutes substantial performance of a building contract, it will be seen from the court's finding and the undisputed evidence, all the calls therefor are fully satisfied. The rule in that regard as recognized by this court is clearly indicated by the following:

"In building contracts, where the contractor constructs something on the land of another which by oversight, but in good-faith effort to perform, fails to entirely satisfy the contract, but is so substantially in compliance therewith that the structure fully accomplishes the purpose of that contracted for," the test of substantial performance, entitling the builder to recover upon the contract, is satisfied. *Manitowoc S. B. Works v. Manitowoc G. Co.* 120 Wis. 1, 5, 97 N. W. 515, 517.

"Substantial performance means strict performance in all essentials necessary to the full accomplishment of the purposes for which the thing contracted for was designed. Failure as to any of such features, whether in good faith or bad faith, any departure from the contract, not caused by inadvertence or unavoidable omission, any defect so essential 'as that the object which the parties intended to accomplish to have a specified amount of work performed in a particular manner is not accomplished,' is inconsistent with substantial performance of the contract," within the rule permitting a

recovery by the builder notwithstanding the incompleteness. *Manning v. School Dist.* 124 Wis. 84, 108, 102 N. W. 356, 364.

The foregoing is in harmony with the general trend of authority where departure from the general rule as to the right of one to recover upon the contract and the correlative departure from the ordinary rule of damages as to the other, is recognized as in this jurisdiction, as witness the following:

"Where the contractor in good faith intended to comply with the terms of the contract, and has substantially done so, but there are some slight omissions or defects caused by inadvertence or mistake, which are not so essential as to defeat the object of the parties, or, as it has sometimes been expressed, do not go to the root of the subject matter of the contract, but are easily susceptible of remedy, so that an allowance out of the contract price will give the other party full indemnity and give him in effect just what he bargained for, the contractor may recover the contract price, less the damages on account of such defects or omissions. . . ." *Leeds v. Little,* 42 Minn. 414, 419, 44 N. W. 309, 310.

"Where a builder has in good faith intended to comply with the contract, and has substantially complied with it, although there may be slight defects caused by inadvertence or unintentional omissions, he may recover the contract price, less the damage on account of such defects. . . . The defects must not run through the whole, nor be so essential as that the object of the parties, to have a specified amount of work done in a particular way, is not accomplished." *Woodward v. Fuller,* 80 N. Y. 312, 315.

So, as there was no bad faith indicated in this case and appellant got, in general, a structure for the contract price satisfactory in all essentials necessary to the thing bargained for, there was substantial performance.

It follows that respondent had a right to recover on his contract subject to such compensation as appellant was entitled to for breach thereof.

What has been said leads us to a consideration of the

proper rule of damages in such a case as this.   On that. branch appellant complains serious error was committed.

The learned trial court seems to have thought that if one obtains as good a building, as regards money value, as the one contracted for he is not substantially damnified, in a legal sense, regardless of whether the building furnished is. like the one agreed upon or not, and so notwithstanding it. may appear that the departure from the contract can be satisfied by reconstruction, not requiring destruction of any material part of the building and reconstruction thereof, at a cost ascertainable with reasonable certainty, so that the change can readily be made without any material loss to any one outside of the particular detail of construction omitted or imperfectly erected, yet the proprietor must take the imperfect thing and be remediless for the breach unless he is. able to show that he will thereby be injured pecuniarily from the standpoint of market value.   Such is not the law as has been laid down by this court repeatedly, as the following will clearly indicate, though it must be confessed that in one case, by inadvertence, a word was omitted in the opinion, which, if one were to read it without noting the plain declared rule of damages and the necessity for harmony for the omitted word to be read as in place, might lead to the very error which the learned court committed.

In *Arndt v. Keller,* 96 Wis. 274, 276, 71 N. W. 651, the court said:

"The contractor may recover the contract price, less the reasonable cost of completing the building so far as the same could be done practicably, the damage by delay, and the diminished value when completed because of defects not remediable without unreasonable expenditure."

What did the court mean there by "so far as the same can be done practicably," and "defects not remediable without unreasonable expenditure?"   The answer must be, as it. seems, as an original proposition, and we think clearly indicated by subsequent judicial expressions, when the words.

are viewed with reference to the situation dealt with, so far as completion can be accomplished without destruction of material parts of correctly constructed work, incurring the expenditure necessary to reconstruction thereof as well as construction, according to contract, of other portions involved with it, not built before at all, or constructed improperly.

In *Ashland L., S. & C. Co. v. Shores,* 105 Wis. 122, 133–135, 81 N. W. 136, 140, this language was used:

"The proper rule for measuring recoverable difference between substantial and complete performance of a building contract is not necessarily the cost of tearing down the defective work and rebuilding it so as to conform to the contract.    It is the reasonable cost of remedying defects, so far as that can be done practicably, and the diminished value of the building as so completed because of defects not so remediable." . . . So, "the burden of proof was on the appellant to show the reasonable cost of remedying imperfections in the building which rendered performance of the contract substantial only, so far as such imperfections could be practically remedied, and the difference between the value of the structure so completed and what it would have been worth if the contract had been strictly followed."

Following the first clause of the quoted language, for the purpose of illustration, the court said:

"If a dwelling house were constructed with ceilings six inches lower than the plans called for, the recoverable loss would not be the cost of tearing down the structure and rebuilding it according to the original design, but the diminished value of the house by reason of the departure from such design."

Citing *Arndt v. Keller,* 96 Wis. 274, 71 N. W. 651, and following with this, containing the misleading feature before indicated:

"As to any defect that may be suggested, if the cost of remedying it will exceed the diminished value of the structure in a material degree, the latter is the true measure of the liability of the builders."

Read literally, without reference to the definite rule before and after indicated, the general principle running through all the cases that the proprietor is entitled to the very thing contracted for, the amount of work and material contemplated in the precise form agreed upon, or its equivalent, so far as that can be practicably furnished, would be plainly violated. The closing part of the paragraph referred to the preceding sentence and dealt with the kind of imperfections therein suggested; those requiring substantial destruction of material parts of a building created according to contract and a beginning over again in order to remedy the defects. The word "such" must be considered in place after the word "any" for harmony and to express the sense intended, thus: "As to any *such* defect that may be suggested, if the cost," etc.

In confirmation of the foregoing we refer confidently to what the court said in *Manning v. School Dist.* 124 Wis. 84, 100, 102 N. W. 356, 361:

The "contractor is entitled to recover the contract price, less such deductions therefrom as will make good to the proprietor the imperfections in the work. Such equivalent for the imperfections and the substantially completed work are regarded as affording the proprietor the full performance of the contract to which he is entitled. So far as the imperfections can be remedied *without any great sacrifice of work and material wrought into the subject of the contract and the proprietor's property,* the contract price is to be reduced by so much as will measure the reasonable cost of applying such remedy, and otherwise the contract price is to be rebated to the extent of the diminished value of the subject of the contract by reason of the defects."

The last expression of the court on the subject is in *Manthey v. Stock,* 133 Wis. 107, 110, 113 N. W. 443, 444, where *Manning v. School Dist., supra,* was referred to with approval. It was said that for "mere incompleteness in respects easy to be supplied after the contractor finishes his

work, and the cost of which to the owner is readily ascertainable, . . . the owner can obtain all that he contracted for by mere expenditure of money."

It will readily be seen how inconsistent with the foregoing is the idea that in all cases of substantial performance the proprietor is bound to accept the thing tendered, subject to a mere equivalent of credit for the difference between the reasonable value thereof and that of the thing agreed upon in case the cost of remedying the imperfection is greater than such difference. The law does not sanction any such radical invasion of one's rights to secure by contract and have the very thing he desires.

One is liable to be led astray in studying this subject by referring indiscriminately to authorities elsewhere, unless he appreciates that the right to recover for part performance of an entire building contract is widely distinguishable from such right generally. The exception is purely of judicial creation, having in view the inequity of permitting a person to suffer great loss to the enrichment of another, in a situation where, in the very nature of things, no opportunity exists for the former, practicably and reasonably, to restore the latter to his former position, as in case of one constructing a building upon the premises of another which that other must necessarily receive because of its being incorporated into and an inseparable part of his property.

The equity is regarded differently in some jurisdictions than in others, and in the judicial efforts to give a remedy to the one party without unduly injuring the other we find a well defined classification of holdings according to jurisdictions. Some, notably New York and Minnesota, are in line with this court. Others permit a recovery for that which they denominate substantial performance, not on the contract, but on a *quantum meruit* not exceeding the contract rate. Others on a *quantum meruit* on a basis *quantum*

*valebat.* Still others permit a recovery, regardless of substantial performance, to the extent of the actual value of the labor and material to the proprietor, which has become incorporated into his property. The result is that substantial performance as viewed in some jurisdictions is not, strictly speaking, the same as viewed in others, as we suggested in *Manning v. School Dist., supra.*

The variation from the general rule being grounded on principles of equity, the contractor must at all events come into court with clean hands, in that his conduct in departing from the agreement must not appear characterized by actual bad faith nor such gross negligence as to be a substantial equivalent thereto. That feature being absent, by the rule which prevails in the class to which our jurisdiction belongs, as has been indicated, and the result being a structure which in all essential particulars satisfies the substantial purpose which the proprietor had in view in making the agreement, he is required to pay, as upon the contract, the entire price, but is compensated for the departure from the general rule, on a basis of damages somewhat more severe than in ordinary cases. His right to have the very thing agreed upon, as said in *Manning v. School Dist., supra,* to just what he contracted for in the form agreed upon, is fully recognized in effect. He cannot be put off with something different, even though that thing, in a strict pecuniary sense, be as valuable as the one the contract called for. His right to have his own peculiar notion, however whimsical, effectuated, even in the face of good-faith imperfect performance, is not lost sight of. To accomplish that by rules of a court of conscience, he is compensated for the minor departures not inconsistent with substantial performance, by an equivalent in money or deduction from the agreed price, not at the contract rate for supplying such departure, as may be practicably done without destruction and reconstruction of material parts properly in place, but the reasonable cost thereof under the circumstances,

and in addition thereto such further sum as will measure the actual diminished value of the structure because of defects not so remediable.

This, of course, does not deal with material departures "running through the whole structure," as was said by the New York court in the language quoted from *Woodward v. Fuller,* 80 N. Y. 312, 315, or "so essential as that the object of the parties to have a specified amount of work done in a particular manner is not accomplished," because in that case the feature falling short of substantial performance precludes recovery at all upon the contract on a *quantum meruit,* in the absence of acceptance other than that growing out of reception of a benefit, which in the nature of things cannot be prevented. *Manthey v. Stock,* 133 Wis. 107, 113 N. W. 443; *Manitowoc S. B. Works v. Manitowoc G. Co.* 120 Wis. 1, 97 N. W. 515. As we have repeatedly pointed out, the relaxation of the general rule, out of the charity of the law, which is regarded as justifying an invasion of strict contract rights, must be administered with great care, to the end that the equity extended to the one shall not be abused to the prejudice of the other, in that it invades the equivalent due to him, which must efficiently subsist in order to preserve that liberty of contract entitling him to satisfy his own fancy as to the creation he shall acquire.

Within the rules above stated, as we understand the evidence and findings, there was substantial performance, as counsel for respondent claims, and the imperfection was remediable without any change except a reconstruction of a minor part of the building, not requiring any invasion of other parts and at an outlay easily ascertainable, and which was ascertained and found. So the defect was one which it was perfectly practicable to remedy within the meaning of *Ashland L., S. & C. Co. v. Shores,* 105 Wis. 122, 81 N. W. 136, and one which the respondent should be required to remedy or render a full equivalent therefor.

Reference might be made to numerous authorities elsewhere on this subject, where the rule of damages in a case of this sort is enforced, in the main at least, the same as here, but they would be of little or no benefit except, perhaps, to illustrate the meaning of the term "practicably remediable." For instance, in *Pitcairn v. Philip Hiss Co.* 113 Fed. 492, the contract price of the entire work was $5,200. Only a minor part of the work was imperfectly performed. The evidence was to the effect that a destruction and reconstruction thereof so as to make the whole work conform to the contract would cost $500. The court held that, if notwithstanding the defect there was substantial performance, the contractor could recover on the contract the agreed price, less the $500. In *Jones & H. Co. v. Davenport,* 74 Conn. 418, 50 Atl. 1028, a deduction of $100 from a contract price of $435 was allowed under the same circumstances.

In 3 Page, Contracts, § 1387, without perhaps a proper discrimination between rules applicable to different jurisdictions, it is stated as elementary law, that in case of substantial performance of a building contract a recovery can be had thereon of the contract price, less the amount that will be necessary to make the building conform to the terms of the contract. Rarely will it be found anywhere that the distinction is definitely made, as here, between those particulars rendering completion only substantial, which are remediable without loss by material destruction of other parts, hence "practicably remediable," and those which are not. In that respect our rule is more comprehensive and equitable to both proprietor and builder than the one which in many jurisdictions obtains. In no other way does it seem practicable to insure to the proprietor such rebate from the contract price on account of the incompleteness as will give him, in substance, what he bargained for.

Applying the foregoing here, the situation between the parties should be determined by crediting respondent with

the amount unpaid upon the two contracts, decided to be $172.30, and charging him with the reasonable cost of completing the structure as agreed upon, decided to be $400; he, not the builder, being the one really at fault in the matter. That leaves a balance of $227.70 in favor of appellant for which he should have judgment as of the time the one in question was rendered.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to render judgment in appellant's favor for $227.70 as of date of the former judgment, with costs.

BARNES, J., took no part.