STUDE et ux. v. KOEHLER et ux.

(Court of Civil Appeals of Texas.   San Antonio.
May 24, 1911.)

1. CONTRACTS (§ 295*) — SUBSTANTIAL PER-
FORMANCE—BUILDING CONTRACTS.
Substantial performance of a building con-
tract will support a recovery by the builder.
[Ed. Note.—For other cases, see Contracts,
Cent. Dig. § 1362;  Dec. Dig. § 295.*]

2. CONTRACTS (§ 353*)—ACTION FOR BREACH—
INSTRUCTIONS—SUBSTANTIAL PERFORMANCE.
Where plaintiffs agreed to erect a party
wall for defendants without placing joists or
timbers in the wall, the object being to avoid
combustible material in the wall, and plaintiffs,
on discovering that timbers had been placed in
the wall by defendants, removed them, an in-
struction as to substantial performance in good
faith was properly given.
[Ed. Note.—For other cases, see Contracts,
Cent. Dig. § 1838;  Dec. Dig. § 353.*]

3. CONTRACTS (§ 322*)—SUFFICIENCY OF EVI-
DENCE AS TO BUILDING CONTRACT—SUB-
STANTIAL PERFORMANCE.
Evidence, in an action upon a building con-
tract, held sufficient to sustain a special finding
of the jury that plaintiffs in good faith sub-
stantially performed the contract.
[Ed. Note.—For other cases, see Contracts,
Dec. Dig. § 322.*]

4. DAMAGES (§ 68*)—INTEREST — BREACH OF
CONTRACT.
In an action for the contract price of build-
ing a party wall, to be accepted on a certificate
of the architect, in which it was shown that the
certificate did not state the true facts and that
there was not a substantial performance until
after the commencement of the action, interest
on the amount of recovery can be allowed only
from the time of substantial performance.
[Ed Note.—For other cases, see Damages,
Cent. Dig. §§ 141–143;  Dec. Dig. § 68.*]

Appeal from District Court, Harris Coun-
ty;  Norman G. Kittrell, Judge.

Action by C. F. Koehler and wife against
H. W. Stude and wife.  Judgment for plain-
tiffs, and defendants appeal.  Reformed and
affirmed.

E. P. & Otis K. Hamblen, for appellants.
Baker, Botts, Parker & Garwood, for ap-
pellees.

NEILL, J.  The appellees, C. F. and Louise
S. Koehler, sued the appellants, H. W. and
Louise Stude, to recover $840 with interest
thereon from July, 1905, alleged to be due
under and by virtue of a written contract,
the substance of which is shown in our con-
clusions of fact.  The substance of defend-
ants' answer, in so far as it affects the
questions involved in this appeal, is that
the contract upon which plaintiffs base their
demand was not performed by the plaintiffs
in strict accordance with its terms.  The
case was tried before a jury and resulted in
a verdict and judgment in favor of plaintiffs
for the sum, with interest, sued for.

Conclusions of Fact.

The contract sued on is of two parts;
plaintiffs being designated as parties of the
first part, and defendants as parties of the
second part.  In stating the substance of
the contract, we shall refer to the parties
as plaintiffs and as defendants, instead of
"parties of the first part" and "parties of
the second part," as they are designated in
the agreement.  It recites that plaintiffs own
the western part of lots 6 and 7, block 20, on
south side of Buffalo bayou in the city of
Houston, Tex., fronting Congress avenue and
Travis street;  that defendants own the ad-
joining part of said lots fronting on Con-
gress avenue, running back in depth across
them;  that the plaintiffs are now (April 14,
1904, the date of contract) about to construct
a three-story brick building on the property
owned by them;  that by agreement of all
parties (plaintiffs and defendants) plaintiffs
will construct a good and substantial brick
wall on the line dividing their property,
which line is the center of the upright posts
in the wall now (date of contract) standing
between the buildings of said parties on said
land, so that said wall shall rest partly and
equally on the land of plaintiffs and defend-
ants;  and that said line shall be the divid-
ing line between them.

The contract then contains these stipula-
tions and agreements:  (1) That said wall
shall be built in a good and substantial
manner and of sufficient strength to form a
party wall and carry a building such as is
contemplated by the plaintiffs and also a
building contemplated to be built in the fu-
ture by the defendants.  (2) That in erect-
ing their building neither party shall put,
place, or build their joists or other timber in
said brick wall, but shall abut the end of
said joists and timbers against said wall,
fastening the same to the wall by suitable
appliances made of iron or other fireproof
material;  the object being not to have com-
bustible material built in the wall itself.
(3) That defendants have paid the plaintiffs
the sum of $840 in full for one-half of the
construction of said wall to the height of
34 feet from the pavement as it now stands,
which point is to be marked with slate in
joints;  said wall to run from Congress street
back along the line dividing their property
to the rear end of said wall, being all the
wall now to be used by the defendants.  (4)
That when the defendants, their heirs or as-
signs, shall raise their present building to
a greater height, or construct a new build-
ing on the property belonging to them, then
they shall pay plaintiffs one-half of the rea-
sonable value of so much of said wall as
they shall use that is not covered by the
present payment.

The above is the substance of so much of
the contract as is pertinent to any of the
questions involved in this appeal.

The defendants had not in fact paid the
$840 mentioned in the third clause of the
contract as above stated, but contemporane-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep't Indexes

ous with its execution executed their written obligation therefor, which is as follows: "$840.00. Houston, Texas, April 14, 1904. We hereby promise to pay to C. F. Koehler, Ernestine Koehler and Louise S. Koehler the sum of eight hundred and forty dollars for half interest in brick wall as specified in contract made between said parties and ourselves, the said amount to be paid as soon as the wall is built to the thirty-four (34) feet height and accepted by the architect. Louise Stude. H. W. Stude."

On July 5, 1905, the architect certified that the brick wall built between the Koehler property on the corner of Travis and Congress streets and the Stude property on Congress street had been built to the height of 34 feet in the manner specified by agreement between the parties, and that the Koehlers had performed their part of said contract.

One of defendants' grounds of defense is that plaintiffs so erected the wall as to encroach on their land more than was authorized by the agreement. The evidence is not such as to make this contention an issue of fact, but conclusively shows that the wall was constructed along the line designated by the agreement, and that it did not occupy more of defendants' land than was provided by the contract. These findings, however, accord with the verdict.

The other ground of defense pleaded by defendants is that plaintiffs, in erecting their building, placed joists and other timbers into the brick wall constructed by them along the dividing line in violation of the express terms of the agreement between the parties. It is not denied by the plaintiffs, but admitted in their pleadings, that their contractor, in constructing their building, without their knowledge and contrary to their instructions, placed the ends of five wooden beams in said wall, which extended therein about six inches; that, after this suit was brought, plaintiffs opened up the wall and, in doing so, ascertained the fact that the said beams projected into the wall as stated, and that they then had the beams sawed off, the parts extending into the wall removed, and the space in the wall which they had occupied filled with brick and cement mortar.

The jury, on special issues submitted by the court, found as follows: (1) That plaintiffs undertook, in good faith, to perform the contract in reference to the manner in which the wall was to be built, and that the contract as to it was substantially performed; (2) that the certificate of the architect did not state the true facts, and the architect acted in bad faith; (3) that plaintiff removed the combustible material from the wall during January, 1910; and that the present condition (April 10, 1910) of the building, as to the construction of the party wall, is in substantial compliance with the contract.

The evidence is reasonably sufficient to support the verdict on such issues.

## Conclusions of Law.

1. The first, third, and fourth assignments in the record complain of the court's applying the "substantial performance in good faith" rule to this cause, as was done in the charge in submitting the case to the jury on special issues. Before stating and considering the propositions presented under these assignments, we will observe that the defendants did not request the court to submit the cause in any other manner, nor ask the court to submit any other issues than those presented by its charge to the jury.

The propositions presented by appellants under these assignments are as follows:

(1) "The contract declared upon by appellees, and which they averred they had complied with, having specifically stipulated that no joists or timbers should be built into said wall, the object stated therein being a fire precaution, and the obligation having expressly stipulated that same was for half interest in wall as specified in contract; and the pleading of appellees and their admission upon the witness stand having shown that the contract was easy of performance in literal compliance with said contract, and that after the first trial of this case they had by the removal of 50 bricks rendered the wall in accordance with the contract, and, not pleading quantum meruit, but, on the contrary, by their supplemental petition, pleading that by removing said timbers they caused the wall to comply 'literally' with the contract, the rule of 'substantial performance in good faith' was not applicable to the case, and the court erred in charging thereon."

(2) "The contract, having expressly made it a material consideration that no combustible material should be built into the wall, and giving the parties' reason therefor, the court, in charging to the contrary, changed the meaning and effect of the contract to appellants' prejudice, and permitted appellees to recover upon the contract, admitting all the while that they had violated a provision thereof made material by the express provisions of the contract."

[1] The doctrine that the substantial performance of a building contract will support a recovery by the builder is firmly established in this state, as well as in all states of the American Union, and it is known as the "American doctrine." There is a conflict on the question whether a recovery will be allowed where the performance is less than substantial, and, where the performance is substantial, some courts permit recovery on the contract; others on a quantum meruit, not exceeding the contract price; others on a quantum meruit on the basis of a quantum valebat. But these distinctions are mere matters of pleading; the important fact being that substantial performance of a building contract will permit the contractor to recover for the work he has done, and a

literal performance of such contract being deemed unnecessary so long as the builder has striven in good faith to comply with his agreement. Linch v. Paris Lumber, etc., Co., 80 Tex. 23, 15 S. W. 208; Graves v. Allert, 128 S. W. 940; Foeller v. Heintz, 137 Wis. 169, 118 N. W. 543, 24 L. R. A. (N. S.) 327.

Two reasons are given for the rule that a substantial performance of a building contract will support a recovery. The first is that the work on a building is such that, even if rejected, the owner of the land receives the benefit of the contractor's labor and materials, which is not the case where a chattel is constructed, as the chattel may be returned. Since the owner must receive the builder's labor, it is deemed equitable to require the former to pay for what he gets. The second reason given is that it is next to impossible for a builder to comply literally with all the minute specifications in a building contract.

[2] It is evident from the contract in this case that the second reason for a substantial compliance, being a sufficient basis for a recovery, can have no application here, for it is clear that the party wall could have been erected without placing the combustible material in it, as was done by plaintiffs' contractor, who erected the structure. But it is equally clear that the first reason upon which the rule rests obtains with full force, and renders the doctrine of substantial performance applicable to this case.

If the second were the only reason for the rule, its nonexistence would make the principle of substantial performance inapplicable to the contract sued on, and establish appellants' propositions; but as it is not essential to the rule that both reasons should exist, and as the first does and fully supports the doctrine, the propositions under the assignments cannot be maintained.

[3] 2. The second assignment complains that the court erred in not granting defendants a new trial upon the ground that the verdict upon the question as to whether plaintiffs undertook in good faith to perform the contract is against the great preponderance of the evidence.

The building, of which the party wall in question was a part, was constructed by contractors with plaintiff, who erected it under a contract, under the supervision of an architect, which required the contractors not to place any timbers in the walls. After it was built, the architect certified that the wall in question had been built the requested height in the manner specified in the agreement between the parties to this suit. The evidence shows that the plaintiffs in good faith intended that it should be so built, and believed that it had been until the defendants filed their answer in the case, which caused them to make a personal inspection of the wall, when they observed the ends of the timbers projecting a few inches within it and caused such projections removed and the holes, made by taking the pieces of timber out, filled with brick and mortar. This, we believe, supports the jury in finding that plaintiffs, in good faith, undertook to perform their contract with defendants in building the wall. It shows there was an honest effort on plaintiffs' part to perform the contract according to its letter and that it was substantially fulfilled. This entitled plaintiffs to recover the compensation stipulated in the contract, at least, when the combustible material was removed from the wall and the filling-in made it just such as plaintiff contracted to build and the defendants agreed to pay them for. This also disposes of the third and fourth assignments of error, as well.

[4] 3. The fifth assignment complains that the court erred in rendering judgment for interest on the contract price from July 5, 1905, instead of interest from January, 1910. This assignment is well taken. The certificate of the architect that the wall had been built in the manner specified by the contract having been shown to be false, the defendant was entitled to withhold payment of the money until the contract was performed, in so far as it practically could be, in accordance with its terms. This was not done until the combustible material was removed from the wall and the space it had occupied filled in with brick and cement mortar, which, according to the verdict, was not done until the month of January. Therefore the $840 was not collectible until then, and such contract price should only bear interest from that time. The judgment will be so reformed by vacating that part which awards interest on said amount from July 5, 1905, to January 1, 1910, and made to bear interest at the rate of 6 per cent. per annum from the latter date, and as thus reformed will be affirmed, at appellees' costs.

Reformed and affirmed.