LINDENMANN, Appellant, vs. KOPCZYNSKI, Respondent.

*November 18—December 9, 1913.*

*Building contracts: Breach: Substantial performance: Measure of damages: Sale of property: Appeal: Record: Bill of exceptions: Milwaukee civil court.*

1. For the contractor's breach of a building contract by substitution of inferior flooring in place of that specified, the owner may recover such damages as were caused thereby—under the rule laid down in *Foeller v. Heintz*, 137 Wis. 169, and other cases,—although before discovery of the breach he accepted the completed building and sold the property for as much as he would have received if the inferior flooring had not been used.

2. Where there is no new trial in the circuit court upon appeal from the civil court of Milwaukee county, the record on that appeal is before the supreme court on an appeal from the circuit court, without any bill of exceptions.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed*.

This action was brought in the civil court of Milwaukee county to recover for breach of contract. The complaint alleges that in consideration of $4,000 the defendant agreed to erect and construct two certain flat buildings on the premises described, and among other things agreed that the flooring in said buildings on the first and second floors of each should be No. 1 maple flooring, and that the defendant, without the knowledge and consent of the plaintiff and contrary to the terms of the agreement, substituted and laid in said buildings floors of beech wood, and that by reason of said change the floors spread, warped, and became unfit for use, which unfitness was due to the inferiority of the beech flooring, in consequence of which plaintiff suffered damages in the sum of $258, for which sum plaintiff demanded judgment.

The answer was a general denial. The civil court ordered a nonsuit and judgment was entered accordingly, and the plaintiff appealed to the circuit court. It appeared on the trial in the civil court that before the commencement of the action the plaintiff sold the premises upon which the buildings were situate. The civil court rendered an opinion which appears in the record, in which he found that the plaintiff received as much from the sale of the property as if maple flooring had been put in the buildings as agreed, therefore plaintiff sustained no damages and could not recover damages unless he was legally liable to the vendees in the contract of sale upon representations made by him; and further found that it appears that he sold the buildings together with the land not knowing that there was a breach of con-

tract on the part of the defendant, upon which ground the court based its judgment of nonsuit. The civil court held that no damages were proven and for that reason there could be no recovery. In the circuit court the plaintiff moved to reverse the judgment of the civil court and the defendant moved to affirm. The defendant's motion was granted, and judgment was entered in said circuit court dismissing the action with costs against the plaintiff, from which judgment plaintiff appealed to this court.

The cause was submitted for the appellant on the brief of *Lorenz & Lorenz,* and for the respondent on that of *Fitzsimmons & Flynn.*

KERWIN, J. The civil court in a written opinion in the record nonsuited the plaintiff for the reason that it did not appear that plaintiff sustained damage because the court held that he sold the property for as much as if the floors had been maple. The court also, inferentially at least, concedes that a contract was made as contended by plaintiff, but held that no damages were shown for the reason before stated. A claim was also made that the plaintiff consented to a substitution of beech for maple flooring after the contract had been made and to that extent the contract was modified. The evidence does not establish a substitution of beech flooring for maple by consent of plaintiff. The burden was on defendant to show such change in the contract. Only two witnesses testified on the subject, plaintiff and defendant, the defendant affirming that a change was consented to and plaintiff denying it. Moreover, there are circumstances which corroborate the plaintiff on this point. So we are convinced that defendant did not prove a change in the contract.

It is, however, insisted that since there is no bill of exceptions the evidence cannot be considered. Under the civil court act no bill of exceptions was necessary in this case.

The evidence was certified up by the clerk and was before the circuit court on a motion to affirm or reverse. Ch. 549, Laws of 1909, as amended. The record on appeal from the civil court to the circuit court, where there is no new trial in the circuit court, is before this court without a bill of exceptions on appeal from the circuit court to this court under the act establishing the civil court. Ch. 549, Laws of 1909, as amended. The evidence shows that the beech flooring was much inferior to maple, and that the plaintiff is entitled to such damages as resulted from the breach. The plaintiff accepted the property after completion without knowledge of the breach and sold it before discovery. The theory of the court below that plaintiff lost nothing by the substitution of beech for maple flooring because he sold the property for the same price as if there had been no breach we need not consider. That question was not in the case. The plaintiff's case was based upon a contract and breach and he was entitled to recover the damages which the law awards. Whether the plaintiff is liable to his vendee or not, or whether he received as much for the buildings as if they contained maple floors, is wholly immaterial in this case.

It follows that the civil court was in error in granting the nonsuit, and the court below erred in affirming the judgment of the civil court.

The plaintiff is entitled to recover such damages as he may be able to show were caused by the breach under the rule laid down by this court in the following cases: *Foeller v. Heintz,* 137 Wis. 169, 118 N. W. 543; *Manning v. School Dist.* 124 Wis. 84, 102 N. W. 356; *Arndt v. Keller,* 96 Wis. 274, 71 N. W. 651; *Ashland L., S. & C. Co. v. Shores,* 105 Wis. 122, 81 N. W. 136.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with directions to the circuit court to reverse the judgment of the civil court and for further proceedings according to law.