BAYFIELD COUNTY, Appellant, vs. OGREN and another, Respondents.

*April 6—July 3, 1920.*

*Contracts: Construction of highway: Work completed by county after contractor's default: Pro rata recovery for work done: Liability of contractor: Measure of damages: Actual cost to county not reasonable cost of completing work.*

1. A contract with a county for road work at a specified price per cubic yard which provided that, in case the contractor failed to complete the work by a designated time, the county might complete it at the expense of the contractor, is divisible and not entire, so that the contractor can recover for the work done by him before the default.

2. Where the contract authorized the county to complete the contract in the event of failure of the contractor and made the contractor and his sureties liable for the expense of such completion in excess of the contract price, the county can recover from the contractor the amount it expended if it acted with due diligence, without negligence, and in good faith, though such amount was greater than the jury found to be the reasonable value of the completion of the contract.

3. The testimony of experts as to the reasonable cost of completing the work is not always a satisfactory substitute for actual experience, and in the absence of negligence or fraud ought not to be admissible.

APPEAL from a judgment of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Reversed.*

The defendant *Ogren* made a written contract with the plaintiff in April, 1917, to make a dirt fill for the construction of a certain public highway, at an agreed compensation of seventy cents per cubic yard. Defendant. *Ogren* agreed to commence work by April 20th and complete the work by July 15th. The defendant *National Surety Company* gave its bond for the faithful performance of the contract by the defendant *Ogren.* It is not necessary to set out the contract in full. The defendant *Ogren* agreed to do all the work of the improvement according to the specifications, and to furnish all labor, tools, machinery, and material necessary therefor, except as otherwise provided. The work was to be done under the direction and supervision of the highway commissioner of *Bayfield County,* referred to in the contract as the commissioner. The contract, among other things, provided:

"If at any time the work under contract should be abandoned, or if at any time the commissioner should judge that said work, or any part thereof, is unnecessarily delayed, or that the contractor is wilfully violating any of the conditions or covenants of this contract, or is executing the same in bad faith, then, in that case, the commissioner shall notify said contractor to discontinue all work under this contract. Said commissioner may employ other parties to complete the work in such manner as he may decide, and use such ma-

terial as may have been delivered upon the aforesaid work, and, if necessary, procure other material for its completion, and charge the expense of said labor and material to the contractor, which expense shall be deducted from any money due him under this contract. In case these expenses shall exceed the sum which would have been payable under this contract if the same had been completed by the contractor, he or his sureties shall pay the amount of the excess to *Bayfield County,* on notice from the commissioner."

On July 15, 1917, the defendant *Ogren* had moved about 2,000 cubic yards of earth, the total amount to be moved under the contract being 14,000 cubic yards. After proper notice the work was taken over and the contract was relet to one H. F. Balch & Company at ninety-two cents a cubic yard. Under this contract Balch & Company moved 12,531 cubic yards, and this action was brought to recover the difference between the price paid Balch & Company and the contract price, or twenty-two cents a cubic yard, amounting to $2,756.82. The defendant *Ogren,* by way of counterclaim, alleged that he was entitled to $1,484, the contract price at seventy cents per yard, for moving 2,120 cubic yards of dirt. The defendant *Ogren* also alleged that he was prevented from completing the contract by the unwarranted acts of the plaintiff, and demanded damages in the sum of $4,560. There was a special verdict, one question being submitted to the jury, which was, "What was the reasonable cost per yard, on or about June 28, 1917, of removing the 12,531 cubic yards of earth necessary to complete the *Ogren* contract?" And the answer was "Seventy cents." There were proper motions upon this verdict reserving the questions raised here, and the court directed judgment in favor of the defendant *Ogren* against the plaintiff for $1,484, with interest from the 15th day of July, 1917. From this judgment the plaintiff appeals.

For the appellant there was a brief by *Walsh & Morris* of Washburn, and oral argument by *Charles F. Morris.*

*A. W. MacLeod* of Washburn, for the respondents.

The following opinion was filed May 4, 1920:

ROSENBERRY, J.   It is claimed on behalf of the plaintiff that the contract is an entire one, and that the defendant *Ogren*, being in default under his contract, may not recover for the performance *pro rata*.   This contention cannot be sustained.   Where a contract contains a provision such as is found in this contract, authorizing the owner in the event of default to take possession of the work and complete it at the expense of the contractor, the contract is by its terms divisible and not entire.   *Arndt v. Keller*, 96 Wis. 274, 71 N. W. 651.

The principal question in the case is well set out by the trial judge in his opinion.   He says:

"Defendants' contention upon the trial was that on taking over the work plaintiff could, under the contract, only proceed to complete the improvement of the road by day labor; that it had no authority to let the completion of the improvement on contract; and that, at any rate, no matter how the work was done, *it was incumbent upon the plaintiff to show that the price paid for it was reasonable and necessary*. Plaintiff, on the other hand, insists that it had a right to have the work completed in any way it saw fit, either by day labor or contract, and without advertising for bids or making any special effort to secure bids, provided it proceeded in good faith."

As will be seen by the statement of facts, the trial court adopted the contention of the defendant *Ogren* that the burden was upon the plaintiff to show what the reasonable price of completing the contract was, and upon that price, found by the jury, judgment went in favor of the defendant *Ogren*.   The court found that the plaintiff was fully justified in taking over the work.

The precise question raised in this case has not, so far as we are able to ascertain, been before this court for consideration.   Aspects of it were considered in *Arndt v.*

*Keller,* 96 Wis. 274, 71 N. W. 651; *Foeller v. Heintz,* 137 Wis. 169, 118 N. W. 543, and some other cases, particularly *Manning v. School Dist.* 124 Wis. 84, 102 N. W. 356, and cases there cited. From language contained in these cases the trial court may well have inferred authority for the ruling which it made, although we are of the opinion that the cases referred to do not parallel the situation presented by this record, and the question presented here was not raised in any of the cases to which reference has been made. We think the rule adopted by some courts (9 Corp. Jur. 815, note 67), that where a contract provides that in the event of a breach of the contract by the contractor the owner may take possession and complete the same at the expense of the contractor, and that the amount of recovery is limited to the reasonable cost of doing the work without reference to the actual expense thereof, works an injustice to the owner. It is a matter of common knowledge that it is oftentimes difficult to procure labor to complete a half-finished job. Seasonal obstacles oftentimes present themselves. Difficulty in procuring material and competent workmen often renders the completion of the task much more expensive than the doing of the same amount of work would have been under a continuous operation. The owner, by the default of the contractor, is compelled to deal with a concrete question. If the contractor does not wish to place the matter in the hands of the owner he should complete his contract. It is much more just and reasonable, under a contract authorizing the owner to complete the work at the expense of the contractor, to permit the owner to recover the actual cost of completing the contract, where the owner has acted diligently and in good faith and there is no evidence of fraud or negligence. There is no reason for applying the ordinary rule of reasonable cost, for all the work is done under the terms of the contract. Where the contract, as in this case, provides that the *expense* shall be charged to the contractor, in the absence of negligence or fraud the theo-

retical cost of doing the work is an immaterial matter. An owner may not, of course, under such circumstances, proceed to make the completion of the work as expensive as possible, but where he does proceed in good faith and with diligence to have the work completed, he ought not to be subjected to the hazards of litigation to ascertain the amount due him from the contractor. The employment of experts in cases of this kind is not always a satisfactory substitute for actual experience, and the opinion of experts ought not to be admissible where there is no evidence of negligence or fraud. *Zimmermann v. Jourgensen,* 14 N. Y. Supp. 548; *S. C.* 70 Hun, 222, 24 N. Y. Supp. 170; affirmed, memorandum opinion, 144 N. Y. 656, 39 N. E. 859. See 9 Corp. Jur. p. 814, § 153, and cases cited.

Our attention has not been called to any evidence which in the slightest degree impeaches the good faith, or shows any negligence on its part, of the plaintiff in this action. The plaintiff is therefore entitled to recover the amount demanded in the complaint, less the amount due the defendant on his counterclaim for the yardage moved.

*By the Court.*—Judgment reversed, with directions to the trial court to enter judgment in accordance with this opinion.

A motion for a rehearing was denied, with $25 costs, on July 3, 1920.