D. S. CUNNINGHAM V. J. J. TERRELL, COMMISSIONER OF THE GENERAL LAND OFFICE.

No. 1826. Decided June 24, 1908.

School Land—Exchange of Lands by Purchasers.

One who had purchased four sections of school land from the State exchanged deeds with a purchaser of other school lands, each conveying to the other one section, filing their deeds and seeking to substitute their obligations as purchasers thereof respectively in the General Land Office. Held, that if by such transaction he became a purchaser from the State of the tract so conveyed to him in exchange, this would not, under the provisions of sections 6d and 6e of Act of May 16, 1907, Laws, 30th Leg. p. 490, constitute him a purchaser from the State of more than the complement of four sections which the law permitted him to purchase, since by the same transaction and under the same construction he ceased to be and his vendee became the purchaser from the State of the section which he conveyed in exchange. The action of the Land Commissioner in cancelling the title to the section so conveyed to him and reselling it to another, as being in excess of the amount he was entitled to purchase, was unauthorized; and mandamus would lie to compel his acceptance as purchaser. (Pp. 613–616.)

Original proceeding in the Supreme Court for writ of mandamus, brought by Cunningham against the Commissioner of the General Land Office.

*Charles Rogan,* for relator.

*Robert V. Davidson,* Attorney-General, and *W. E. Hawkins,* Assistant for respondent.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This is an original proceeding to procure a writ of mandamus from this court to respondent Terrell as Commissioner of the General Land Office, Mrs. Myrtle Cunningham is joined as corespondent, but makes no defense. The Commissioner has answered by general demurrer only.

The facts alleged by relator, stated in brief, are as follows: On November 24, 1906, under the Act of 1905, relator purchased four sections, and his son, A. P. Cunningham, purchased two sections and part of another section, of school land in Terry County from the State, on condition of actual settlement with which they fully complied. In September, 1907, relator was informed by the Acting Commissioner of the General Land Office that the act of the Legislature of 1907 permitted purchasers of school land to exchange land for the purposes of "blocking up," or getting their lands close together for convenience in fencing and use. The father and son found that an exchange would promote their convenience, and each conveyed one of the sections purchased by him to the other. The deeds, expressing the transaction as it was, were filed in the land office, with application for substitution in accordance with the law. The Acting Commissioner, concluding that by the transaction the father would be put in the position of a purchaser of more than four sections, of which fact he was not informed when he gave the advice stated, and

that this was forbidden by the Act of 1907, cancelled the conveyance made by the son to the father, advertised the section embraced therein for sale, and afterwards sold it to Mrs. Myrtle Cunningham, the widow of the son, who had died.

The decision depends upon these facts, and the position taken by the Commissioner is founded upon sections 6d and 6e of the law of 1907. (Laws 30th Leg., p. 497.) That act makes changes in the laws as they previously stood as to sales by purchasers of their lands prior to the completion of the required three years occupancy. It forbids the sale or assignment of lands thereafter purchased from the State within a year after the award. If it attempts to take away any right which purchasers had to sell lands purchased under former laws in accordance with the provisions thereof it is in the sections referred to. The provisions thereof more particularly applying are as follows:

Section 6d. . . . "A purchaser on condition of settlement under this act, or any former law, who may have the right to sell his land or a part of it, may sell his whole home tract or one or more of his additional tracts as a whole, according to his purchase to another purchaser who owns a designated home tract within five miles of each of such tracts as he may purchase as assignee, and the assignee may take uch tracts as additional to his own designated home tract; provided the total tracts so purchased by an assignee prior to the completio of the residence of the vendor, together with the former purchase of the assignee, shall not exceed one complement of sections." . . .

Section 6e provides that, "one who has heretofore or who may hereafter purchase land . . . on condition of settlement," and who "executes a transfer contrary to the provisions of this act, except those stated i this act as not being void, shall forfeit the land," etc., and authorizes th Commissioner to cancel the award.

It thus appears that the cancellation of the sale to the son of the section which he afterwards conveyed to the father was made under section 6e because it was thought that he had executed "a transfer contrarv to t e provisions of this act," and such transfer was thought to be so contrary because the father had already bought from the State four sectious, which was all he was allowed to take, either by original purchase alone, or by that together with transfers from other purchasers before the completion of their occupancy.

We find it unnecessary to consider what were the rights of the two purchasers under the law in force when they purchased in the respect of power to assign their purchases, and whether or not such rights have been, or could be, taken away or restricted bv the subsequent legislation. As we understand counsel for relator, he does not rest his case upon any claim of rights vested before the Act of 1907 was passed, but rests it upon the provisions of that act, claiming that it authorizes what was done. We therefore restrict our consideration of the case to the question whether or not the transaction in question constituted lawful ground for the cancellation sought to be corrected, and have reached the conclusion that it did not.

The Act of 1907 does not, in terms, provide for exchanges of

lands such as that in question, but the provision first quoted, when properly understood, leads inevitably to the conclusion that such exchanges may practically be made under its protection, without violation of the letter or spirit of any other provision of the statutes. Prior to this act, assignments of purchases and the substitution of the assignees instead of the original purchasers were permitted. The purchase of more than four sections was forbidden. The inhibition was against purchases from the State only, the statutes not attempting, of course, to forbid purchases of land from individuals. The statutes contained no provision, that we recall, which determined whether or not a purchase from a purchaser of school land, accompanied or followed by the substitution of the subsequent purchaser instead of his assignor, in accordance with the statute was to be regarded as a purchase from the State in such sense that the land so acquired was to be counted in determining whether or not the holder of it had acquired as much ` the school land as one person could buy. Such substitutions had sometimes been regarded by the courts as entitled to be upheld as purchas  made directly from the State, when the original purchase was 'ound to le defective for some reason, but there was neither legislation nor judicial decision, that we know of, upon the question  efore s ated.

The Act of 1907 undertakes to establish  rule the theory of which seems to be that the assignee of another purchaser is  be treated, for the purpose of determining the number of sections chargeable to him, as if he had first bought from the State. This is evidently the construction put upon it by the Commissioner and it seems to be the correct one. How does it operate upon the case? It must not be forgotten that the inhibition is of the acquisition of more than four sections of the State's school lands, and that  the result which this provision is intended to prevent. The Commissioner in treating the conveyance to the relator by his son as illegal evidently assumed that relator had acquired four sections from t' State by his original purchase and that he sought to acquire another by taking his son's place as purchaser of one of the sections bought by him. But this view ignores the fact that by the same transaction the son takes his father's place as purchaser of one of the sections originally purchased by the latter. If the father is to be regarded as the vendee of the State as to the section transferred to him by the son, equally is the son to be regarded as the vendee of the State as to the section transferred to him by the father. It thus results that when the transaction is completed neither has purchased from the State more than the prescribed quantity. It is true that relator at one time stood as the purchaser of the four sections included in his original contract, and that he is now the purchaser of another section, but in becoming the purchaser of that section he ceased to be the purchaser of that transferred to the son in exchange. This is but the full application of the theory of the statute as construed by the respondent, and it is in harmony with the spirit of all the laws on the subject. The substance of the transaction is that by authority of law former purchases of the sections involved were surrendered and new ones substituted. This could not, consistently with the statute, be done if the

·effect were that one person acquired more than the prescribed quantity, but that is not the case here.

We conclude that the cancellation of the sale to A. P. Cunningham was erroneous, and that the writ prayed for should issue requiring the reinstatement of that sale, the filing of the deed to relator and his obligation, and the substitution of him instead of the former purchaser.

*Mandamus awarded.*