## SPRINGER ET AL. v. JONES ET AL.

[No. 9,655. Filed June 25, 1919. Rehearing denied December 9, 1919. Transfer denied June 30, 1921.]

1. DAMAGES. — *Construction Contracts.* — *Breach.* — *Measure of Damages.*—On a breach of a contract to furnish the material and construct a cottage in accordance with plans and specifications furnished, the measure of damages is the reasonable cost of altering the defective parts of the house so as to make them conform to the plans and specifications, and not the difference between the value of the house as it is and what its value would be if constructed according to the plans and specifications. p. 270.

2. APPEAL.—*Failure to Object Below.*—*Waiver.*—Where a surety on the bond of one sued for breach of a contract to build a dwelling made no effort in the trial court to protect his separate interests, he will not be permitted to do so for the first time on appeal. p. 271.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by Larkin Jones and others against Clyde E. Springer and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Noble H. Wible* and *Shirts & Fertig,* for appellants.
*Charles B. Clarke* and *Walter C. Clarke,* for appellees.

DAUSMAN, J.—This action was instituted by appellees against appellants to recover damages for breach of contract. It is averred in the complaint that Springer, by a contract in writing, agreed to furnish the material and construct a cottage for Larkin Jones and his wife, in accordance with certain plans and specifications prepared by an architect; that to secure the faithful performance of the contract, Springer gave a bond with Thomas E. Moon as surety; that Springer failed and refused to construct the cottage as agreed and that in various respects the construction was not in accordance with the plans and specifications.

Each appellant filed answer in general denial. Verdict and judgment against both appellants for $375. The only alleged error presented is the overruling the motion for a new trial.

There are but two questions for our consideration: (1) Did the trial court adopt an erroneous theory of the measure of damages? (2) Did the court err in rendering judgment against the surety?

The cause was tried on the theory that the measure of damages is the reasonable cost of altering the defective parts of the house so as to make them

1. conform to the plans and specifications. Appellants contend that the correct measure of damages is the difference between the value of the house as it is and what its value would be if constructed according to the plans and specifications. It is averred in the complaint that the house was defective in that

the roof leaked, the cement floor of the basement was of such poor quality that it had no strength and was easily broken, the steps were crooked, the mantel was not level, etc. Under the facts of this case the court did not err as to the measure of damages. 6 Cyc 62, 110; 9 C. J. 810. See also, *McKinney* v. *Springer* (1851), 3 Ind. 60, 54 Am. Dec. 470.

The undisputed evidence discloses that to induce the appellees to pay the contract price, Springer promised that he would repair the house. Appellants contend that if Springer is liable at all, his liability arises out of this promise and that the surety on the bond is in no manner liable on the new promise. The evidence on this point was competent for the purpose of showing that appellees did not accept the house as being fully and properly constructed, and it may have had no other effect. In view of all the circumstances it was for the jury to determine whether that promise was a new and independent one or whether it was merely Springer's assurance that he would complete the house according to the terms of the original contract, if appellees would hand over to him the money which they desired to withhold until the house was properly constructed. But if it were possible for us to determine from the record, that the verdict rests upon this promise, rather than upon the written agreement, even then we could not reverse the judgment as to Moon. He made no effort whatsoever in the trial court to protect his separate interests and he cannot be permitted to do so for the first time on appeal.

We perceive no reason why we should discuss the instructions given and refused. We have given them careful consideration and in our opinion there is no error in that respect.

Judgment affirmed.