**ATKINSON v. JACKSON BROS. et al.**
(No. 628–4144.)

(Commission of Appeals of Texas, Section A. April 1, 1925.)

**1. Contracts ⬤⟞295(1)—Substantial performance of building contract full performance as condition precedent to suit.**

Substantial performance of building contract in good faith is regarded as full performance as regards contractor's right to sue on the contract.

**2. Contracts ⬤⟞228—Contractor not entitled to full contract price for substantial performance of building contract.**

Substantial performance of building contract in good faith is regarded as full performance for purpose if permitting contractor to sue under contract, but is not full performance entitling him to recover full contract price.

**3. Damages ⬤⟞123—Measure of building contractor's recovery for substantial performance, stated.**

Measure of building contractor's recovery for substantial performance is contract price less reasonable cost of remedying defects or omissions, so as to make building conform to contract, and same rule applies to measuring owner's damages.

**4. Damages ⬤⟞163(4)—Contractor has burden of proving proper measure of deduction for substantial performance.**

Where building contractor has not fully complied with plans and specifications of contract and therefore in suing on it necessarily relies on doctrine of substantial performance, burden of furnishing evidence to properly measure deductions from contract price allowable to remedy defects and omissions is upon contractor.

**5. Contracts ⬤⟞295(1)—"Substantial performance" of building contract, defined.**

"Substantial performance" of building contract permits only such omissions or deviations from contract as are inadvertent and unintentional, are not due to bad faith, do not impair structure as whole, and are remediable without doing material damage to other parts of building in tearing down and reconstructing (citing Words and Phrases, Second Series, Substantial Performance).

**6. Work and labor ⬤⟞12—Contractors held to have right to proceed upon quantum meruit upon adverse finding as to substantial performance.**

Contractors held to have right to proceed on quantum meruit in event of finding that there was not substantial performance of contract.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by the Leeper-Curd Lumber Company against Jackson Bros. and J. B. Atkinson and wife, in which each defendant filed action against the other. From the judgment as modified and affirmed by the Court of Civil Appeals (259 S. W. 280), J. B. Atkinson brings error. Reversed and remanded in part.

Critz & Woodward, of Coleman, for plaintiff in error.

Snodgrass, Dibrell & Snodgrass, of Coleman, for Leeper-Curd Lumber Co.

Jenkins & Miller, of Brownwood, for defendants in error.

GERMAN, P. J. This suit originated in the district court of Coleman county, Tex. The Leeper-Curd Lumber Company sued Jackson Bros. and J. B. Atkinson and wife to recover the sum of $1,054.75, with interest, being the balance due for lumber and materials furnished for the construction of a residence upon property belonging to Atkinson and wife. It was alleged that Jackson Bros. had a contract with Atkinson and wife for

the building of a residence upon their property in the town of Coleman; that Jackson Bros. contracted with the lumber company for lumber and materials to be used in the construction of said residence, and agreed to pay for same; that it was further agreed between the parties that Atkinson should make payments due Jackson Bros. on their contract direct to Leeper-Curd Lumber Company to the amount due them for lumber; that the lumber and materials were furnished in accordance with the contract and agreement. In addition to personal judgment, the lumber company sought to foreclose a materialman's lien against the premises and residence of Atkinson and wife.

Jackson Bros. answered the suits of Leeper-Curd Lumber Company by general demurrer and general denial. They also brought action against Atkinson and wife (which they denominated a cross-action). They set up the contract between them and Atkinson for the erection of the residence, the original contract price being $7,582.50. They also claimed that by agreement between the parties certain extras had been added amounting to $1,075.75, and for various reasons they had suffered damages in the sum of $1,500. Admitting payments to the amount of $6,422.80, they sued for the balance due, for damages, and for foreclosure of lien upon the house and premises.

Atkinson and wife denied the account sued upon, and claimed that the promise to pay Leeper-Curd Lumber Company for material furnished Jackson Bros. was without consideration. They interposed exceptions on account of misjoinder of causes of action and also on account of misjoinder of parties. They also alleged that none of the parties were entitled to a lien against the premises, because the same constituted their homestead, and the constitutional requirements with reference to fixing lien against the homestead had not been complied with. With reference to the claim of Jackson Bros. for balance due on account, they claimed that the residence had not been built in accordance with plans and specifications, as agreed upon in the written contract; that there were numerous defects and deficiencies in the work; that they had made certain payments for which they had not received credit; and that they had been damaged on account of failure of Jackson Bros. to comply with their contract and build the house in accordance with plans and specifications in the sum of $2,000.

There were numerous other pleadings and certain interveners, but the above statement is sufficient for a consideration of the case here.

The case went to the jury upon special issues. It was not disputed that the original contract price for the house, according to plans, specifications, and addenda, was

$7,582.50. The jury found that the extra work and materials amounted to $573; that the value of the house at the time it was completed and in its condition as completed was $7,750; that if the house had been completed according to plans and specifications, with addenda, it would have been worth $8,155.50; that in addition to the sum admitted to have been paid, Atkinson had paid Jackson Bros. the additional sum of $337.86, making a total of $6,760.66 paid. They further found that in the building of the house, Jackson Bros. had not in all respects complied with the contract plans and specifications as agreed upon between the parties, but that there had been a substantial compliance therewith. It was further found that there was an agreement by which Atkinson was to pay direct to Leeper-Curd Lumber Company for lumber and materials furnished Jackson Bros. for use in constructing the house.

The judgment of the trial court may be thus summarized:

(a) Judgment in favor of Leeper-Curd Lumber Company against Jackson Bros. for $1,110.20, with interest at 6 per cent. from November 10, 1922.

(b) That Leeper-Curd Lumber Company take nothing as against Atkinson or his wife.

(c) That Jackson Bros. recover of Atkinson the sum of $821.84, balance on the contract price for the house, plus $573 for extras, making a total of $1,394.84, with interest at 6 per cent. from November 10, 1922. That they recover nothing of Mrs. Atkinson.

(d) That Leeper-Curd Lumber Company and Jackson Bros. be denied a lien against the house and premises.

(e) That Atkinson and wife be denied a recovery on their action against Jackson Bros.

(f) That Atkinson and wife recover costs from Leeper-Curd Lumber Company, so far as its action was concerned.

The Court of Civil Appeals affirmed the trial court in denying Atkinson and wife a recovery against Jackson Bros., and also in denying a recovery against Mrs. Atkinson and a lien in favor of any of the parties. Neither Leeper-Curd Lumber Company nor Jackson Bros. prosecuted writ of error, and so this part of the judgment of the Court of Civil Appeals is not in question. We therefore think that the question of conflict of decisions with reference to materialman's lien is wholly immaterial.

The judgment was by the Court of Civil Appeals reformed in other particulars and affirmed. The judgment as reformed is in substance as follows:

Jackson Bros. were given judgment against J. B. Atkinson for $821.86, balance due on contract, with interest from October 19, 1921, and for $573 extras, with interest from date of judgment, November 10, 1922. The judgment in favor of Leeper-Curd Lumber Com-

pany against Jackson Bros. was affirmed, and in addition Leeper-Curd Lumber Company was allowed judgment against J. B. Atkinson, under the theory of equitable assignment, for $1,110.20, with interest from November 10, 1922, with directions that whatever amount is paid by Atkinson on the Leeper-Curd Lumber Company judgment shall be credited on the judgment in favor of Jackson Bros.

Atkinson alone has prosecuted writ of error. His assignments relate to two general propositions. His first contention is that the court erred in not sustaining his exceptions relating to misjoinder of parties and causes of action. His second contention is that the trial court and Court of Civil Appeals adopted a wrong rule for determining his damages, and in arriving at the compensation due Jackson Bros.; it being shown that there was only a substantial performance of the building contract. The second contention presents the only important question in the case.

The jury made a finding that Jackson Bros. did not fully comply with the terms of their contract in the building of the house, but that they did substantially comply therewith. There was evidence in the record that there were numerous defects and deficiencies, many of which were of a minor nature, and which could be remedied at small cost and without impairing the work done or the structural efficiency of the building. There was proof, however, that in the foundation there was defective work and material, causing a substantial defect, and one which could not be remedied without incurring considerable expense and probably requiring the rebuilding of a substantial portion of the house. It appears that neither Atkinson nor Jackson Bros. undertook to furnish complete and detailed proof as to the reasonable cost and expense necessary to supply and correct the defects and make the building comply with specifications. There was no finding of the jury upon this issue, although Atkinson and wife requested the court to submit an issue to the jury for finding thereon, and it was refused.

Under this state of facts, the Court of Civil Appeals applied to Atkinson's claim for damages the rule that if there was substantial performance on the part of the contractor, unless it was shown that the defects were such as could not be remedied, the measure of damage in favor of the owner would be the amount which would reasonably cover the cost of remedying the defects and making the building comply with the contract; that the burden of proof was upon Atkinson to show what would be the cost of remedying such defects, and he having failed to make proof upon this point, Jackson Bros. were entitled to recover the full contract price, plus the agreed price for extras.

Whether viewed from the standpoint of Jackson Bros. to recover on the contract, or from the standpoint of Atkinson's right to recover damages upon his action against Jackson Bros., we think it manifest that there was error in permitting Jackson Bros. a recovery of the full agreed price, there being only a substantial performance of the contract by them, without allowing deductions in favor of plaintiff in error; and in placing the burden upon plaintiff in error to show what deductions should have been allowed.

[1, 2] The rule of "substantial performance" with respect to building contracts is recognized and applied in this state. By reason of this rule a contractor who has in good faith substantially performed a building contract is permitted to sue under the contract, substantial performance being regarded as full performance; so far as a condition precedent to a right to recover thereunder is concerned. Linch v. Paris Lbr. & Grain Elev. Co., 80 Tex. 23, 15 S. W. 208; Graves v. Allert & Fuess, 104 Tex. 614, 142 S. W. 869, 39 L. R. A. (N. S.) 591; Harrop v. Loan & Investment Co. (Tex. Civ. App.) 204 S. W. 878; Stude v. Koehler (Tex. Civ. App.) 138 S. W. 193. However, in no jurisdiction is substantial performance regarded as full performance so far as entitling the contractor to recover the full contract price. The general rule has been expressed in Anson on Contracts thus:

"The equitable doctrine of substantial performance has been adopted in common-law actions in many states, and particularly in the adjustment of rights under building contracts. If the contractor has acted in good faith and has substantially performed, he will be allowed to recover notwithstanding slight deviations from the contract, but his recovery will be diminished by the amount necessary to compensate for the deficiency."

[3] The same general rule for measuring compensation or damages applies to both the contractor and the owner. It may be expressed in this language: In cases of substantial performance, the amount recoverable by the contractor is the contract price, less the reasonable cost of remedying the defects or omissions in such way as to make the building conform to the contract. This deduction measures the damages allowed the owner for failure on the part of the contractor to fully comply with the specifications. Of course, there may be elements of special legal damages in each particular case. We call attention to the exhaustive annotation of this subject in connection with the cases of Graves v. Allert & Fuess, supra, 39 L. R. A. (N. S.) 591; Foeller v. Heintz, 137 Wis. 169, 118 N. W. 543, 24 L. R. A. (N. S.) 327; and Handy v. Bliss, 134 Am. St. Rep. 678. Also to the following: 6 R. C. L. pp. 967–972; 28 R. C. L. 706–707; Elliott on Contracts, § 3694; Mitchell v. Caplinger, 97 Ark. 278, 133 S. W. 1032; Roseburr v. Mc-

Daniel, 147 Ark. 203, 227 S. W. 397; Daly & Sons v. Hotel Co., 91 Conn. 280, 99 A. 853; Springer v. Jones, 76 Ind. App. 269, 123 N. E. 816; Library Board v. Ohlsen (Neb.) 193 N. W. 110, and cases hereinafter cited.

In the case of Graves v. Allert & Fuess our Supreme Court has held:

"Where a contractor for building has carried out his undertaking in good faith, though minor defects exist through his inadvertence, not complying with specifications, but capable of repair, he may recover the contract price less such sum as would place the building in the condition called for by the contract. Such deduction would represent the sum to which the owner would be entitled as damages for the contractor's failure to perform in accordance with the strict terms of the contract."

As to the principal controversy Jackson Bros. were plaintiffs. They were not entitled to recover the full contract price, without deductions; there being only a substantial performance by them. To allow full recovery without deductions for defects is to award compensation for something they have not done. In 6 R. C. L. p. 969, it is stated:

"The principle underlying cases of this general character is that the party in default can never gain by his default, and the other party can never be permitted to lose by it. Hence where a building contractor has substantially performed his contract, he ordinarily may recover the contract price, less a deduction to reimburse or compensate the owner for the contractor's failure fully to complete his contract. In permitting recovery upon an entire building contract but substantially performed, the aim should be to give the proprietor in substance as near as practicable the thing contracted for, not merely in value, but in form and substance. The doctrine of substantial performance necessarily includes compensation for all defects which are not so slight and insignificant as to be safely overlooked on the principle of de minimis non curet lex. Unsubstantial defects may be cured, but at the expense of the contractor, not of the owner. The contractor cannot recover the entire contract price when defects or omissions appear; for he must show, not only that they were unsubstantial and unintentional; but also the amount needed to make them good, so that it can be deducted from the contract price, and a recovery had for the balance only."

[4] It being made to appear from the pleadings and the proof that there was not a full compliance with the plans and specifications, Jackson Bros. could not recover at all without invoking the equitable doctrine of substantial performance. We therefore think the burden was on them to furnish the evidence to properly measure the deductions allowable necessary to remedy the defects and omissions. Spence v. Ham, 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238; Roberts v. Sinnott, 55 Mont. 369, 177 P. 252; Nesbit v. Braker, 104 App. Div. 393, 93 N. Y. S. 857.

It is evident the trial court tried the case upon a wrong theory as to the rights of Jackson Bros. and Atkinson. For this reason it is equitable to reverse and remand this phase of the case. In the event of another trial it might be well for the trial court to instruct the jury as to the meaning of "substantial performance."

[5] To constitute substantial compliance the contractor must have in good faith intended to comply with the contract, and shall have substantially done so in the sense that the defects are not pervasive, do not constitute a deviation from the general plan contemplated for the work, and are not so essential that the object of the parties in making the contract and its purpose cannot, without difficulty, be accomplished by remedying them. Such performance permits only such omissions or deviation from the contract as are inadvertent and unintentional, are not due to bad faith, do not impair the structure as a whole, and are remediable without doing material damage to other parts of the building in tearing down and reconstructing. 6 R. C. L. 970; 4 Words and Phrases, Second Series, 751, 752; Elliott on Contracts, § 1607; Harrop v. National Loan & Inv. Co., supra; Rischard v. Miller, 182 Cal. 351, 188 P. 50; Snider v. Bldg. Co., 139 Minn. 413, 167 N. W. 108; Louthan v. Carson, 63 Colo. 473, 168 P. 656.

[6] We do not deem it necessary to suggest rules to guide the trial court in the event, upon another trial, it should be found that there was not a substantial performance of the contract by Jackson Bros. In the event of such a finding, in the light of the circumstances as now reflected by the record, they would have a right to proceed on basis of quantum meruit for recovery of the reasonable value of work performed and materials furnished. See 9 C. J. p. 818; Bradley Heating Co. v. Sayman Realty Co. (Mo. Sup.) 201 S. W. 866.

We think there was no error in failing to sustain the contention of plaintiff in error as to misjoinder of parties and causes of action. As the case is to be in part reversed, it becomes unnecessary to discuss this matter, except to say that we think the questions remaining to be litigated involve all the parties in such way as to make it appropriate and desirable to try them in the same action.

The judgment of the Court of Civil Appeals should be affirmed as to the recovery by Leeper-Curd Lumber Company against Jackson Bros., and should also be affirmed in denying any of the parties a recovery against Mrs. Atkinson and denying a foreclosure of lien against the homestead property. In other respects the judgment of the Court of Civil Appeals and of the trial court should be reversed and the cause remanded, as we so recommend.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed as to recovery by

Leeper-Curd Lumber Company v. Jackson Bros., and in denying any of the parties a recovery against Mrs. Atkinson or a foreclosure of lien against the homestead. In other respects the judgments of the district court and of the Court of Civil Appeals are reversed, and cause is remanded, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.