## STOEPPLEMAN et al. v. CARTER et al.
### No. 3234.

Court of Civil Appeals of Texas. Beaumont.

Dec. 16, 1937.

Nola White, of Beaumont, for appellants.

John H. Land and M. L. Lefler, both of Beaumont, for appellees.

WALKER, Chief Justice.

By written contract to be performed by December 20, 1935, appellees, Mary E. and W. M. Carter, operating under the name of Carter Electric Company, agreed to make certain improvements for appellants on a theater belonging to them in Jasper, Tex. The contract price of the completed work was $1,950, of which sum appellants paid appellees $750 on the execution of the contract. Appellees executed this contract according to their construction of its terms. Appellants took possession of the theater, began using it at once, and have constantly been in possession, occupying, using, and enjoying the improvements made by appellees; though in possession they refused to pay the balance due them.

For cause of action, appellees alleged, first, that they had fully performed their contract, and, in the alternative, that they had substantially performed it, and prayed

for judgment for the unpaid balance. Appellants defended on the theory that appellees had failed to perform, and that the work done by them was of no value. The jury found: (a) That appellees had "substantially performed" the terms of the contract; (b) that it would take $300 to remedy the defects complained of by appellants; (c) that the work done by appellees was not worthless. On the verdict of the jury, appellees were given judgment against appellants for $1,200, with interest at 8 per cent. for 14½ months, plus 10 per cent. attorney's fees, less the $300 credit found by the jury, making a total recovery of $1,147.60.

■ We overrule appellants' contention that the evidence did not raise the issue of substantial performance. Appellants' testimony was to the effect that all work done by appellees was worthless, and would have to be torn out. Appellees' testimony was to the effect that the work was done according to contract. M. H. Guinn, appellants' foreman or overseer on the job, testified:

"Now were you there every day while that work was going on? A. I was.

"Q. Did you see the construction of the building there from day to day and looked at it and watched the workmen to see that they did the work according to plans and specifications? A. That is right.

"Q. You did that. That work there in the construction of that front and that work there, was it done according to plans and specifications? A. It was.

"Q. That is your idea about it and that is what you were employed by Stoeppleman to see it was done that way? A. Yes."

It would serve no useful purpose to quote further from the testimony of this witness; his testimony as a whole satisfactorily sustained appellees' contention of due performance.

■ The court gave the jury in charge the following definition of "substantial performance": "To 'constitute substantial performance,' as used in this charge, the plaintiff must have in good faith intended to comply with the terms of the contract and shall have done so in the sense that the defects, if any, are not pervasive, do not constitute material deviation from the general plan contemplated for the work, and are not so essential that the object of the parties in making the contract and its purposes cannot, without difficulty, be accomplished by remedying them. Such performance permits only such omissions or deviations from the contract as are inadvertent and unintentional, are not due to bad faith, do not impair the structure as a whole, and are remediable without doing material damage to the other parts of the building in tearing down and reconstructing." This charge has support in the definition suggested by the Commission of Appeals in Atkinson v. Jackson Bros., 270 S.W. 848, 38 A.L.R. 1377.

■ The jury found that it would take $300 to remedy the defects complained of by appellants. The contract required appellees to furnish appellants a metallic alphabet for advertising the theater. Appellants' testimony was to the effect that it would require $200 to purchase an alphabet to meet the specifications of the contract; there was testimony to the effect that $100 would remedy the other defects complained of. Appellants contend that, as a matter of law, this finding by the jury constituted a finding that appellees had not substantially performed their contract. This contention is overruled. The failure to furnish the alphabet was not "pervasive"; it did not constitute a "deviation" from the general plan contemplated for the work; the failure to furnish the alphabet was "not so essential that the object of the parties in making the contract and its purposes cannot, without difficulty, be accomplished by remedying them." It required no change in the plans or specifications for appellants to buy this alphabet. The remaining $100 found by the jury, of course, related to defects in the construction work. These items were not of enough importance, as a matter of law, to constitute failure of substantial performance. Graves v. Allert, 104 Tex. 614, 142 S.W. 869, 39 L.R.A.,N.S., 591; Stout v. Sommers, Tex.Civ.App., 28 S.W.2d 247.

■ Appellees are husband and wife. There was no showing that the disabilities of the wife had been removed in the manner provided by law, or that her husband had abandoned her, or that the proceeds of the contract in issue constituted her separate property. On this statement the court did not commit reversible error in overruling appellants' exception that the wife was improperly joined as a party plaintiff. 23 Tex. Jur. 330; Dallas Ry. & Terminal Co. v. Davis, Tex.Civ.App., 26 S.W.2d 340.

■ We sustain appellants' contention that the court erred in charging interest and

attorney's fees on the $1,200 in controversy. On the verdict of the jury, interest and attorney's fees should have been charged only on $900. Appellees' recovery should be for only $1,085.70; the judgment of the lower court is reformed and affirmed for this amount.

Reformed and affirmed.