**TUCKER v. NORTHCUTT et ux.**

No. 3013.

Court of Civil Appeals of Texas. Waco.

April 17, 1952.

Rehearing Denied May 15, 1952.

F. R. Valentine, Sr., F. R. Valentine, Jr., Waco, for appellant.

Scott, Wilson & Cureton, Waco, for appellees.

HALE, Justice.

Appellant, a building contractor, entered into a mechanic's lien contract with appellees to build a house according to certain plans and specifications for $6,900. During the progress of the work appellees paid $3,450 to appellant but when the building was finally tendered to them they refused to accept the same or to make any further payment under the contract, upon the ground that the house had not been constructed in accordance with the plans and specifications agreed upon. Appellees then brought this suit against appellant as an action in trespass to try title and in the alternative, by way of a second count in their trial petition, they alleged that it would reasonably require $3,450 to complete the house according to the contract so as to meet the standard of ordinary good workmanship in the community and prayed that their land be cleared of the mechanic's lien.

Appellant answered the first count in the petition of appellees with a plea of not guilty, the second count with certain special exceptions and a general denial, and by way of cross-action he sought to recover the balance of $3,450 alleged to be due him under the mechanic's lien contract and to foreclose his asserted lien on the premises in dispute.

The case was tried before the court without a jury. The court expressly found in the judgment that the house was not completed according to the contract and that it would reasonably require an additional expenditure by appellees of $3,500 to complete the same in a good, workmanlike manner and in accordance with the plans and specifications agreed upon by the parties. The court accordingly decreed in the judgment that the note and mechanic's lien held by appellant be cancelled and that appellant be denied any recovery on his cross-action.

Under the three points upon which his appeal is predicated, appellant says in substance that the trial court erred (1) in applying an incorrect legal measure of the damages, sustained by appellees, (2) in finding that it would reasonably require an additional expenditure of $3,500 to complete the building of the house in accordance with the plans and specifications agreed upon, and (3) in overruling his special exceptions to the pleadings of appellees.

Appellant contends that the correct measure of the damages suffered by appellees herein is not the amount of money which would be reasonably required to complete the house according to the contract but is the difference between the value of the house as constructed and its value had it been constructed according to the plans and specifications agreed upon by the parties. In support of his contention he cites the following cases: Atkinson v. Jackson Bros., Tex.Com.App., 270 S.W. 848, 38 A.L.R. 1377; McBurnett v. Smith & McCallin, Tex.Civ.App., 286 S.W. 599; Totten v. Houghton, Tex.Civ. App., 2 S.W.2d 530; Roberts v. Roberts, Tex.Civ.App., 27 S.W.2d 880. The general rule announced in these cases is that the correct measure of damages resulting from the breach of a building contract is ordinarily the reasonable cost of remedying the defects which constitute a breach of the contract, provided such contract has been "substantially performed" and the defects in its performance can be remedied without impairing the building as a whole; but if such defects cannot be remedied without impairing the structural efficiency of the building, the measure of the damages is the difference between the value of the

building as constructed and its value had it been constructed according to plans and specifications. However, under the record before us in this case, we cannot say the court below applied an incorrect legal measure of the damages sustained by appellees or that the court erred in denying any recovery to appellant on his cross-action.

In the absence of any express finding to the contrary, this court must presume that the trial court found all issuable facts tendered by the evidence in such manner as to support the judgment. Under the conflicting evidence adduced by the respective parties, it appears to us that the facts determinative of whether the contract was or was not fully performed, or as to whether or not it was substantially performed, as well as the nature and extent of the defects, if any, in the performance thereof, were issuable. The trial court found that the house and improvements had not been completed in substantial compliance with the plans and specifications, but he made no express finding as to whether the defects in the performance thereof could or could not be remedied without impairing the structural efficiency of the building. Therefore, for the purposes of this appeal we must assume that the court found by implication that the nature and extent of the defects in the performance of the contract were such as could be remedied by the additional expenditure of $3,500 without impairing the structural efficiency of the building as a whole.

■ Furthermore, the mechanic's lien contract involved in this suit provides in part as follows: "It is further agreed that a failure to complete said improvements, or failure to complete the same according to contract, shall not defeat said indebtedness and lien, but in such case the indebtedness and lien upon said premises and improvements shall exist in favor of said party of the second part, his heirs and assigns, for said contract price, less such an amount as would be reasonably necessary to complete said improvements according to said plans and specifications." Since the measure of appellant's recovery,

if any, and conversely, the measure of appellees' damages, if any, was thus fixed by agreement of the parties, we see no valid reason why either party should be heard to complain because the court in disposing of the conflicting rights asserted under the contract applied the measure of recovery and damages which both parties had mutually agreed upon. Harrop v. National Loan & Investment Co., Tex.Civ.App., 204 S.W. 878, (er. ref.); Galbraith-Foxworth Lumber Co. v. Long, Tex.Civ.App., 5 S.W. 2d 162, (er. ref.); North American Bldg. & Loan Ass'n v. Bell, Tex.Civ.App., 88 S.W.2d 633; Mathes v. Williams, Tex. Civ.App., 134 S.W.2d 853.

■ Under the second point in his brief, appellant says the finding of the trial court to the effect that appellees' damages were $3,500 was against the great weight and preponderance of the evidence to such extent as manifestly to be wrong. We cannot agree with this contention. None of the witnesses tendered by appellant testified what it would cost to complete the building according to the contract, their testimony being in substance that the building had been completed in full compliance with the plans and specifications agreed upon. On the other hand, W. E. Darden, Roy Driver, E. O. Moser, R. M. Brookshire and others testified on behalf of appellees that the building had not been constructed in conformity with reasonable standards of good workmanship and they testified to the amount of money which in their opinion would be reasonably required to remedy such defects and complete the building according to such standards and the terms of the contract. Darden testified that such cost would be $4,000; Driver said such cost, exclusive of cement work, would be $3,000; Moser said the cost of the cement work would be between $400 and $500; and Brookshire said the total cost of the cement work as itemized by him would be $475. On cross-examination Darden testified in part as follows: "Q. You stated a few minutes ago you thought it would take $4,000.00 to rectify this house, to put it up in shape? A. I believe that is correct. Q. What do you base that on? A. After reading

the plans and specifications and seeing the workmanship there, and lumber on the job, I figure in order to meet the plans and specifications, it would take that amount of money." Although some of the witnesses on behalf of appellees testified on cross-examination that they did not know what agreement or agreements the parties might have entered into with reference to the building of the house and others testified they had not examined the plans and specifications, we cannot say the evidence as a whole was insufficient to support the findings of the trial court or the judgment based upon such findings. Stoeppleman v. Carter, Tex.Civ.App., 111 S.W.2d 774.

In their trial petition appellees pleaded the claimed defects in the construction of the house, including the points wherein it failed to meet the standards of good workmanship and the plans and specifications agreed upon. Such alleged defects were set forth under separate headings numbered consecutively from 1 to 21, inclusive, covering 7 pages in the transcript. Appellant specially excepted to all the allegations relating to the claimed defects upon the ground that such allegations did not give him proper notice as to the kind and character of proof he would be required to meet in that appellees had not alleged in their pleadings the itemized cost of the materials and labor necessary to remedy each of the claimed defects. Such exceptions were duly presented and overruled.

While it is necessary under Rule 47, Texas Rules of Civil Procedure, for a pleading which sets forth a claim for relief to contain a statement of the cause of action sufficient to give to the pleader's adversary fair notice of the claim involved, we think the petition of appellees was sufficient for that purpose. As said by this court in the case of Southern Underwriters v. Hodges, Tex.Civ.App., 141 S.W.2d 707, 711 (er. ref.): "A large meas-ure of discretion is lodged in the trial court in passing on the exceptions to the pleadings, as well as to the time that he hears the same, and, in the absence of a showing of abuse of discretion or injury resulting from the ruling of the trial court, the ruling will not be disturbed." In our opinion, the record fails to show any abuse of discretion on the part of the trial court in overruling appellant's exceptions or any injury resulting from such ruling. Appellant was undoubtedly familiar with the reasonable cost of the various items of material and labor necessary to construct the house according to the plans and specifications agreed upon. Having failed to show that he had fully performed the contract upon which he sued by way of his cross-action, appellant was not entitled to any affirmative relief on his claim unless he showed the amount of money that would be reasonably necessary to complete the improvements according to the plans and specifications, in order that such amount might be deducted from the unpaid balance of the total contract price. See: Atkinson v. Jackson Bros., Tex.Com.App., 270 S.W. 848, 38 A.L.R. 1377; Sloan Lumber Co. v. Davis, Tex.Civ.App., 19 S.W.2d 355 (er.ref.); Mathes v. Williams, Tex.Civ. App., 134 S.W.2d 853. Moreover, appellant did not object to the evidence offered by appellees with respect to the cost of remedying the claimed defects in the performance of the contract and hence it appears to us that he thereby waived his right to complain of the court's action in overruling his special exceptions. Kauffman v. Parker, Tex.Civ.App., 99 S.W.2d 1074, pt. 6; Pounds v. Jenkins, Tex.Civ. App., 157 S.W.2d 173, pt. 1.

Finding no reversible error in the record, each of appellant's points is overruled and the judgment of the court below is affirmed.

LESTER, C. J., took no part in the consideration or disposition of this case.