**PACIFIC COAST ENGINEERING COMPANY, Appellant,**

**v.**

**TRINITY CONSTRUCTION COMPANY, Appellee.**

**No. 4550.**

Court of Civil Appeals of Texas.

Waco.

Jan. 5, 1967.

Rehearings Denied Jan. 26, 1967.

Karl E. Kraft, Bobbitt & Kraft, Houston, for appellant.

Barrow, Bland, Rehmet & Singleton, T. Watt Murrah, Houston, for appellee.

## OPINION

WILSON, Justice.

Plaintiff appeals from a judgment for defendant rendered after the trial court sustained the latter's motion to disregard a jury finding. We reverse.

Defendant, Trinity Construction Company, entered into a contract requiring fabrication and installation of hydraulically operated slide gates to control outlet of water from the Canyon Dam reservoir. By subcontract, plaintiff, Pacific Coast Engineering Company, fabricated the gates. The price to be paid Pacific by Trinity was $233,800. All of it was paid except 10% retained by the Government. The gates were installed by Trinity. Plaintiff alleged one of them was improperly installed; that parts of the gate were returned to it by Trinity for reconditioning. Pacific sued Trinity for the $23,380 balance due on the fabrication contract, the value of its reconditioning work, expenses and attorney's fees.

Trinity answered that Pacific had failed to perform its contract to fabricate one of the gates in accordance with the specifications, and this failure was the sole cause of the damage to the gate, resulting from a malfunction when the gate was first tested, which necessitated the reconditioning work and expenses. It filed a cross-action alleging the gates had been installed by it in accordance with plaintiff's recommended procedure, but the gate had been damaged in the field test; that plaintiff refused to repair the gate and defendant incurred costs and expenses resulting, for which it sued.

The jury answered "we do not" to an issue asking whether it found from a preponderance of the evidence that Pacific fabricated the gate in accordance with the plans and specifications. It answered a second issue inquiring whether it found from a preponderance of the evidence that the failure to so fabricate resulted in the failure of the gate, "we do not". The court disregarded the second finding upon Trinity's motion which asserted there was no evidence supporting it, overruled Pacific's motion for judgment on the verdict, and rendered judgment that Pacific take nothing and Trinity recover its expenses, as found by the jury, incurred as a result of the failure of the gate. Pacific waived its motion for new trial, and its points complain of the sustaining of the motion to disregard the second finding, and rendition of judgment thereafter contrary to Pacific's, motion for judgment on the verdict.

Trinity's basic position is that the first jury answer (failing to find from a preponderance of the evidence that Pacific fabricated the gate according to plans and specifications) required rendition of a take-nothing judgment against Pacific, irrespective of the second answer. Its argument is that since Pacific was seeking recovery on a contract, proof and finding of complete performance as the plans and specifications required was a prerequisite to recovery.

■ We do not agree. The evidence establishes that the plans and specifications called for some extremely minute tolerances and clearances of decimal dimensions, and specified others as large as ⅛″. It is undisputed that in the completed gate there were three variances from the designed clearances specified. But it is without question that Pacific commenced and completed fabrication of huge expensive and complex mechanisms which were, or could be made functionally operational at relatively small cost; and that Trinity paid 90% of the contract price therefor. The evidence establishes that Pacific substantially performed the contract, despite the fact that it did not strictly meet every specified clearance requirement with perfect and unerring exactitude. The jury was obviously justified in failing to find that Pacific manufactured in accordance with the plans and specifications. As the issue was worded, any other answer would be difficult to rationalize. Admittedly there was some nonconformity, which the jury failed to find caused damage.

But Pacific was not required to show undeviating conformity to specifications in order to recover. In Linch v. Paris Lumber & Grain Elevator Co., 80 Tex. 23, 15 S.W. 208, 213, the Supreme Court said, "Such precision cannot, we think, be demanded in the performance of . contracts, or any other affair of life." The Court adopted the rule that if there is a substantial fulfillment, "the builder should be entitled to receive the reward of his labor" and it should be considered as a full performance

as regards the builder's right to recover on the conrtact.

■ The measure of the contractor's recovery, where there is such substantial performance, "is the contract price, less the reasonable cost of remedying the defects or omissions in such way" as to make the work conform to the contract. Atkinson v. Jackson Bros., Tex.Com.App., 270 S.W. 848, 850, 38 A.L.R. 1377; Garland Grain Company v. Bailey, Tex.Civ.App., 393 S.W.2d 945, 948, writ ref. n. r. e., and authorities cited.

Trinity urges the rule in Lonergan v. San Antonio Loan & Trust Co., 101 Tex. 63, 104 S.W. 1061, 1066, 106 S.W. 876, 22 L.R.A.,N.S., 364, and cases which follow it. The decision (where the contractor failed to complete after the work collapsed because of alleged defects in the plans and specifications) fixes the party upon whom the loss falls if a structure is destroyed before completion of the contract, regardless of the cause, unless by the owner's wrong. The rule is not applicable to this case.

■ The jury failed to find that any omission by Pacific to manufacture the gate in accordance with the plans and specifications resulted in the failure of the gate. It should be remembered that a negative answer to issues 1 and 2 prefaced by the words, "Do you find from a preponderance of the evidence" means only that the jury failed to find the matters inquired about from a preponderance of the evidence. C. & R. Transport, Inc. v. Campbell (Tex.Sup.1966), 406 S.W.2d 191, 194.

■ The case at this juncture, as it stood before the court on motions for judgment and to disregard the second finding, was (a) the jury failed to find the gate was built in accordance with plans and specifications; (b) the undisputed evidence established substantial compliance with the plans and specifications by Pacific; (c) the jury failed to find that any omission to meet the plans and specifications caused the failure of the gate. In this posture Pacific

was entitled to recover the undisputed balance due on the contract, less necessary remedial expense. Trinity then says the second answer concerning causation is without support in the evidence. In our opinion there is evidence in the record to support the negative answer to the second issue.

■ Trinity's expert engineer witness testified that in his opinion there were three combined causes for the failure of the gate and its consequent damage: (1) failure of Pacific to machine a protruding brass seal flush with the gate leaf, (2) a .068″ displacement of the gate stem to one side, (3) "excessive metal left on" adjacent to a "bonnet" guide. There is additional evidence in the record which would have supported an affirmative, rather than a negative answer to the second issue.

There is evidence of probative force in the record, however, which supports the conclusion that other causes—not the failure to comply with plans and specifications in all respects—induced the functional failure of the gate. There is testimony that there was no grease or other lubricant applied by Trinity at "the lantern ring" at the water seal within a stainless steel sleeve where the damage to the gate occurred, although lubricant was required by the specifications: The "packing and the lantern ring were as dry as a bone". The friction between monel and stainless steel without lubrication, the testimony was, "is the crux of the reason for the damage."

There was proof and admission that Trinity did not level and plumb the gate "bonnet" vertically, nor align the structural units with shims in installation, as the specifications required; and that it made no attempt "to determine the alignment of the gates before or after concrete was poured, notwithstanding the designed clearances involved were .004″ and .0125″ between the "gate leaf stem" and the oil and water glands or seals. There was evidence the installation by Trinity resulted in misalignment of the gate frame and "bonnet" so that the guides were not in the same plane, and the gate frame was "tipped" at an angle or "dogleg" to such an extent that the jury was authorized to decide, in view of the microscopic tolerances, that the misalignment produced the damage.

Pacific adduced evidence that the lower gate stem nut had been installed by Trinity tight against the gate leaf, and the leaf was rigidly and inflexibly attached rather than sufficiently loose to permit movement of the stem. There is evidence from which the jury could properly deduce that except for this improper installation enough clearance would have remained despite fabrication variance to avoid malfunction and damage. We do not interpret the record, as does Trinity, that the court sustained objection to the entire answer of one witness concerning this matter; nor do we agree that this answer is entitled to less weight, or none, because it came on rebuttal.

The damage issues submitted were not predicated on causation; they inquired only as to the reasonable value of necessary expenses incurred by Pacific and those incurred by Trinity as a result of the failure of the gate. There is consequently no basis for ascertaining the liability vel non of the parties for the damages or remedial expense, whether the answer to the second issue be given effect or disregarded.

■ Pacific, as contractor, had the burden "to furnish the evidence to properly measure the deductions allowable necessary to remedy the defects and omissions" resulting from failure to comply literally with plans and specifications. Atkinson v. Jackson Bros., Tex.Com.App., 270 S.W. 848, 851; and to obtain a jury finding thereon. We believe we are not authorized to render judgment for Pacific for the amounts of expense and attorney's fees found by the jury and the balance due on the contract price, since there is no finding as to causation, and no waiver of the ground of recovery under Rule 279, Texas Rules of Civil Procedure. The presumed finding provision of that Rule is not applicable here be-

cause the trial court was not authorized to make findings in support of a judgment which should not have been rendered. There is no factual determination of the basis for determining what portions of Pacific's repair expense, if any, is attributable to defects in fabrication.

Although the damage issue on Trinity's cross-action for expenses incurred because of failure of the gate evoked a jury finding as to amount, it did not afford a basis for determining a right to recovery. It would be necessary for us to conclude further that an affirmative answer to the second issue is required as a matter of law. That conclusion is not justified.

In this state of the record, since the case was not fully developed and was tried and submitted on an erroneous theory, we believe the holding in Atkinson v. Jackson Bros., above that "it is equitable to reverse and remand" the case should be applied.

Reversed and remanded.