Cloyce K. BOX, Appellant,

v.

**AU FORGERON DE LA COUR–DIEU, INC., Appellee.**

No. 9366.

Court of Appeals of Texas, Texarkana.

March 11, 1986.

Second Rehearing Denied April 8, 1986.

John P. Lilly, Brice, Mankoff & Barron, Dallas, for appellant.

Luke Madole, Bird & Reneker, Dallas, for appellee.

CORNELIUS, Chief Justice.

Cloyce Box appeals a judgment which awarded Au Forgeron de la Cour-Dieu, Inc. damages for breach of contract. Because we find the case was improperly submitted to the jury and the jury findings do not furnish a proper basis for a judgment, we reverse the judgment and remand the cause for a new trial.

Box engaged Au Forgeron to fabricate and install an ornamental iron fence around his swimming pool and portions of his yard. A contract was executed calling for a total price of $27,175.85. Box paid a deposit of $8,600.00 and work began. As the work progressed a dispute arose concerning the type and quality of construction of that portion called the "pool fence." Box contended the work was not properly done and specifically argued that Au Forgeron's "random stepping"[1] of the fence to accommodate the irregular terrain was not contemplated by the contract. Box would not allow Au Forgeron to complete the fence using the random stepping method and Au Forgeron would not complete the work as Box desired unless he signed a written change order. Box refused to sign such an order, contending that the contract plans and specifications called for a continuous rail fence with only occasional steps when extreme terrain conditions required it. Box then hired other workers to complete the work.

Au Forgeron sued on the contract, conceding that it did not substantially complete the work, but contending that Box wrongfully prevented it from doing so. Pertinent jury findings were that: (1) Box or his architect had reason to know that Au Forgeron read the contract drawings to call for a "stepped fence;" (2) Au Forgeron did not know or have reason to know that Box read the contract drawings to call for a continuous rail fence; (3) it was customary in the trade for a fence like the pool fence to traverse slopes in steps at the iron posts; (4) the parties contracted with reference to such a custom; (5) Box would not let Au Forgeron install the fence as a stepped fence; (6) installing the fence as a continuous rail fence would involve extra cost to Au Forgeron; (7) the reasonable cost for Au Forgeron to complete the work was $3,881.90; (8) the value of the material and labor done to Box's property by Au Forgeron was $15,128.76; (9) Au Forgeron failed to perform the work it performed in a good and workmanlike manner; (10) the reasonable cost to Box to complete the work according to the plans and specifications was $10,753.00; and (11) Box should be liable for exemplary damages of $5,000.00.

Au Forgeron contends the jury findings establish that a contract for a stepped fence existed by virtue of Section 201 of the Restatement (Second) of Contracts,[2] that Box's refusal to allow it to construct a stepped fence amounted to a wrongful prevention of performance, and judgment on the contract was proper. Box argues that the jury answers do not provide a basis for a judgment, the case was improperly submitted, and in any event Au Forgeron could not recover on the contract because of the jury finding that its work was not done in a good and workmanlike manner. We agree with Box that the case was improperly submitted and that the jury answers do not form a proper basis for a judgment.

If an owner wrongfully prevents a contractor from completing the contract according to its terms, the contractor may recover the contract price less what it would have cost him to complete the work. *McCracken Construction Co. v. Urrutia*, 518 S.W.2d 618 (Tex.Civ.App.—El Paso 1974, no writ); *Kleiner v. Eubank*, 358 S.W.2d 902 (Tex.Civ.App.—Austin 1962, writ ref'd n.r.e.). But if the contractor's partial performance was not in a good and workmanlike manner his recovery is further reduced by the cost of remedying the defects if those defects are remediable

1. That is, steps at the iron posts wherever there was an incline in the terrain.

2. Restatement (Second) of Contracts § 201 (1981).

without endangering the structure or exceeding its contract cost, i.e., without economic waste. *Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480 (Tex.1984); *Atkinson v. Jackson Bros.*, 270 S.W. 848 (Tex.Comm'n App. 1925, holding approved); 5 Corbin on Contracts § 1090 (1951); Guittard, *Building Contracts: Damages and Restitution*, 32 Tex.B.J. 91 *(1969)*. If the defects in performance are not remediable the contractor cannot recover on the contract and is relegated to a recovery in quantum meruit to the extent that the work done and the materials furnished benefit the owner. *Atkinson v. Jackson Bros.*, supra; 5 Corbin on Contracts § 1089, at 487 (1951). Thus, in this case for Au Forgeron to recover, it must have submitted and secured favorable answers to special issues on the following contested ultimate facts: (1) did Box wrongfully prevent Au Forgeron from completing the work, or did Box prevent Au Forgeron from completing the work according to the contract specifications, and (2) what would it have cost Au Forgeron to complete the contract. Since Box defended partially on the ground that the work was not good and workmanlike, he was required to submit an issue on that point, as he did. To recover in spite of a failure to perform in a good and workmanlike manner, Au Forgeron was required to submit issues on whether the defects were remediable and, if so, the cost of remedying them. *Vance v. My Apartment Steak House of San Antonio, Inc.*, supra; *Atkinson v. Jackson Bros.*, supra.

Of these ultimate issues, Au Forgeron submitted only the cost of completing the work. Box objected to the absence of the issue of wrongfulness in Au Forgeron's issues on whether Box would not allow it to build a stepped fence, and he requested but was refused an issue on whether Au Forgeron was building the fence according to the contract.

■ Au Forgeron argues that since Box prevented it from installing a "stepped fence" the jury finding to that effect amounts to a finding that Box prevented

Au Forgeron from completing the work according to the terms of the contract. We cannot agree. Whether or not the fence was to be stepped was not an ultimate issue. Box conceded that some steps would be proper, but he contended that the type and manner of random stepping used by Au Forgeron was a violation of the contract's terms and specifications. *The ultimate issue as to completion was whether Box prevented Au Forgeron from installing the fence as called for by the contract specifications.*

■ Even if the issue of wrongful prevention of completion had been settled, there were still no findings on the crucial issues of whether the defects in performance found by the jury were remediable and, if so, the reasonable cost of remedying them. Box pleaded that the defects were remediable and that Au Forgeron refused to correct them. In this case, then, the burden was on Au Forgeron to prove and secure a finding on the cost of remedying the defects. *Vance v. My Apartment Steak House of San Antonio, Inc.*, supra; *Atkinson v. Jackson Bros.*, supra.

■ Au Forgeron argues that we should deem the omitted issues to have been found in support of the judgment pursuant to Tex.R.Civ.P. 279. Rule 279 does not apply to this situation. The issues submitted by Au Forgeron were on a pure contract recovery theory. They were not part of a cluster of issues necessarily referable to the omitted issues as contemplated by Rule 279. The omitted issues amount to an alternative remedy and thus constitute an independent ground of recovery. Furthermore, Box objected to the omission of the issue of wrongful prevention and it is obvious from the record that the trial court based its judgment upon the issues answered by the jury and not upon any omitted issue. In these circumstances we cannot deem the omitted issues found in support of the judgment. Tex.R.Civ.P. 279. *See Glens Falls Insurance Co. v. Peters*, 386 S.W.2d 529 (Tex.1965); *Colbert v. Dallas Joint Stock Land Bank of Dallas*, 129 Tex. 235, 102 S.W.2d 1031 (1937); *Kinnear*

*v. Dixon*, 543 S.W.2d 903 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.); *Pacific Employers Insurance Co. v. Barnett*, 230 S.W.2d 331 (Tex.Civ.App.—Fort Worth 1950, writ ref'd n.r.e.).

■ Au Forgeron also argues that the jury findings can support a modification of the judgment to award a recovery in quantum meruit. We disagree. Recovery in quantum meruit, when the work has not been done in a good and workmanlike manner, is limited to the market value of the work as done less the cost of remedying the defects. *Beeman v. Worrell*, 612 S.W.2d 953 (Tex.Civ.App.—Dallas 1981, no writ). In this case the jury found that the *value of the labor done and the material furnished* by Au Forgeron was $15,128.76. That is not the same as a finding of the *market value of the improvements as a benefit to Box. Beeman v. Worrell*, supra. Even if the issue could be broadly construed to amount to such a finding, there still is no finding of the cost to remedy the defects, unless Special Issue 15 could be construed to be such a finding. Special Issue 15 asked the jury to find the reasonable cost for Box to *complete the work* according to the plans and specifications. That is not the same as the cost to remedy defects in the existing work, but even if it could be so construed it would result in a negative recovery because the jury found the value of the work and improvements to be $15,128.76, and the cost to complete the work to be $10,753.00, leaving a balance of $4,375.76. Box had previously paid $8,600.00, so there could be no recovery under that theory.

For the failure to properly submit the issues and because the case was tried upon an improper theory, in the interest of justice the judgment is reversed and the cause is remanded for a new trial. It is not necessary that we discuss the other points of error.

The judgment is reversed and the cause is remanded to the trial court for a new trial.